## COMMONWEALTH *vs.* DEAN VALCHUIS.

No. 95-P-822.

Middlesex. December 18, 1995. - June 10, 1996.

Present: ARMSTRONG, PERRETTA, & LENK, JJ.

*Statute,* Construction. *Limitations, Statute of. Motor Vehicle,* Citation for violation of motor vehicle law, Leaving scene of accident. *Practice, Criminal,* Complaint.

The issuance of a citation for a criminal motor vehicle charge does not toll the six-year statute of limitations, G. L. c. 277, § 63, and a judge correctly dismissed a complaint on the citation that was not brought within the six-year period. [558-560]

A complaint for violation of c. 90, § 24 (2) (*a*), leaving the scene of an accident, does not set forth a continuing offense, with the result that prosecution of the complaint was barred after the expiration of the six-year statute of limitations. [560-562]

TRAFFIC CITATION issued on October 20, 1993.

COMPLAINT received and sworn to in the Marlborough Division of the District Court Department on December 24, 1993.

On transfer to the jury session of the Framingham Division, the case was tried before *Paul F. Healy, Jr.,* J.

*Lincoln S. Jalelian,* Assistant District Attorney, for the Commonwealth.

*Albert F. Cullen, Jr.,* for the defendant.

PERRETTA, J. This appeal brings before us the questions whether the issuance of a citation for a criminal motor vehicle charge tolls the applicable statute of limitations, G. L. c. 277, § 63, and whether the crime charged, leaving the scene of an accident, is a continuing offense. Concluding that the answer to both questions is no, we affirm the order dismissing the complaint against the defendant.

1. *The facts.* The controlling facts are undisputed. On

November 11, 1987, a young man was struck by a truck which left the scene without stopping. On October 20, 1993, the defendant was issued a motor vehicle citation which indicated that an application for criminal complaints would be made for one count of leaving the scene of an accident after causing personal injury and a second like count pertaining to property damage.[1] Within four days thereafter, the defendant signed his copy of the citation and requested a hearing before the District Court clerk-magistrate.

By letter dated November 19, 1993, the defendant was notified that a show cause hearing would be held before a clerk-magistrate on December 14, 1993. The defendant appeared on that date with counsel before the clerk-magistrate who, after the hearing, dismissed the count relating to property damage. Ten days later, on December 24, 1993, a complaint issued charging the defendant with leaving the scene of an accident after causing personal injury. See G. L. c. 90, § 24(2)(a).

At trial, immediately following the Commonwealth's opening statement, the defendant moved for a required finding of not guilty or in the alternative for dismissal of the complaint on the stated basis that the complaint was not brought within the six-year period required by G. L. c. 277, § 63. The District Court judge denied the motion, but reconsidered it after the Commonwealth presented three of its five witnesses.[2]

[1]General Laws c. 90C, § 3(B)(1) and (2), as amended by St. 1991, c. 138, § 161, provides as relevant:

"(B)(1) If a police officer observes or has brought to the officer's attention the occurrence of an automobile law violation that constitutes a criminal offense, the police officer: . . . (c) may determine that an application for criminal complaint shall be filed.

"(2) If the police officer determines that an application for criminal complaint shall be filed, the officer shall so indicate on the citation. The citation shall notify the violator that a violator accused of a misdemeanor, with no accompanying felony, will be granted a hearing before such complaint issues . . . if the violator so requests in writing within four days. . . . The citation shall serve as the application for criminal complaint. . . . If a criminal complaint is issued, the procedure established for criminal cases shall then be followed. . . ."

[2]Cognizant of the potential double jeopardy issues created by the defendant's timing of the motion, the trial judge expressed his concerns.

Upon reconsideration, the judge dismissed the complaint, stating that since the crime of November 11, 1987, was not a continuing offense, the issuance of the complaint on December 24, 1993, was in violation of § 63.

2. *The citation.* Our analysis begins with the basic principles that criminal statutes are to be strictly construed against the Commonwealth and in favor of the defendant, see *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978), and that "criminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *United States* v. *Habig*, 390 U.S. 222, 227 (1968), quoting from *United States* v. *Scharton*, 285 U.S. 518, 522 (1932). See also *United States* v. *Marion*, 404 U.S. 307, 322 n.14 (1971). The third sentence of G. L. c. 277, § 63, as amended by St. 1955, c. 781, § 1, provides that "[a]n indictment for. . . [a crime other than those specified in the preceding sentence] shall be found and filed within six years after such crime has been committed; but any period during which the defendant is not usually and publicly a resident within the commonwealth shall be excluded in determining the time limited." The Commonwealth does not dispute that § 63 is equally applicable to criminal complaints. See *Commonwealth* v. *Northern Telecom, Inc.*, 25 Mass. App. Ct. 255, 257 (1988).

It is the Commonwealth's position that because prosecution of the defendant commenced with the issuance of the citation against him on October 20, 1993, the proceedings were not time-barred. The argument is flawed in the premise. Those decisions cited by the Commonwealth as support for the proposition that a warrant or other process commences a prosecution and effectively tolls the statutes of limitations are based upon statutory language which allows for such a conclusion. See, e.g., *State* v. *Crawford*, 202 Conn. 443 (1987); *State* v. *Hickman*, 189 So. 2d 254 (Fla. Dist. Ct. App. 1966); *City of Cleveland* v. *Strom*, 32 Ohio Op. 481 (1946); *Commonwealth* v. *Kimble*, 323 Pa. Super. 499 (1984). However, as noted, § 63 requires that an indictment be "found and filed" or a complaint brought (see *Northern Telecom, Inc.*, *supra*) within the six-year period. Indeed, as observed in one of the

---

The Commonwealth, however, makes no argument before us that the defendant waived his defense under the statute of limitations by failing to seek dismissal prior to trial. Nor does the defendant make any claim relative to the Commonwealth's right to appeal the dismissal.

cases cited by the Commonwealth, *State* v. *Crawford*, 202 Conn. at 447-448:

> "Although the purpose of a statute of limitations is to ensure a timely commencement of prosecution, jurisdictions differ on what act will suffice to show such commencement. In jurisdictions where legislation requires the finding of an indictment or the filing of an information as the first step in a criminal case, the prosecution' is deemed commenced by either of these acts, and the running of the statute of limitations is thereby tolled. 2 W. LaFave & J. Israel, Criminal Procedure § 18.5; see 1 F. Wharton, Criminal Law (14th Ed.) § 90. In the absence of such legislation, however, it is generally held that the prosecution is commenced, and the statute tolled, at the time a complaint is laid before a magistrate and a warrant of arrest is issued. . . [citations omitted]. The American Law Institute model penal code is in accord. It provides that [a] prosecution is commenced either when an indictment is found [or an information filed] or when a warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay.' Model Penal Code (1985) § 1.06(5). . . [citations omitted]."

Our conclusion, that the Commonwealth's argument is defeated by the very language of § 63, is buttressed by G. L. c. 90C, § 1 (defining a "citation" as "a notice upon which a police officer shall record an occurrence involving all automobile law violations"),[3] G. L. c. 90C, § 3(B)(2) ("If a criminal complaint is issued [after the issuance of a citation], the procedure established for criminal cases shall then be followed"), and Mass.R.Crim.P. 3(a), 378 Mass. 847 (1979) ("A criminal proceeding shall be commenced in the District Court by a complaint and in the Superior Court by an indictment").

That the citation in the present case advised the defendant that criminal complaints would be sought is of no consequence to our conclusion. Such notice, that complaints would be sought, is provided for the purpose of allowing the defendant to request a hearing on the issuance of the complaints.

---

[3]See also *Commonwealth* v. *Germano*, 379 Mass. 268, 270 n.3 (1979) ("As defined by G. L. c. 90C, § 1, a citation is only a notice of violation and does not by itself institute a criminal proceeding").

See note 1, *supra.* The fact remains that, with or without a hearing, a complaint cannot issue until there has been a determination of probable cause to believe that a crime was committed and that it was committed by the defendant. See Smith, Criminal Practice & Procedure §§ 629-632 (2d ed. 1983). A like showing is required for the finding of an indictment. See *Commonwealth* v. *McLeod,* 394 Mass. 727, 733 (1985). The Commonwealth has cited no authority for the proposition that *notice* of an intent to seek an arrest warrant, a complaint, or an indictment even constitutes commencement of a prosecution, let alone satisfies the more specific requirement that an indictment be found and filed or a complaint brought within six years after the commission of the crime.

3. *A continuing offense.* As a second basis for the contention that prosecution of the defendant is not time-barred, the Commonwealth argues that the crime charged is a continuing offense. General Laws c. 90, § 24(2)(*a*), as in effect at the time of the accident, reads, in relevant part: "[W]hoever operates a motor vehicle . . . and, without stopping and making known his name, residence and the register number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person shall be punished . . . ." [4]

In resolving whether this particular offense is a continuing one, "[w]e accept as a guiding principle that a crime is not a continuing one in the absence of a clear contrary indication from the Legislature." *Commonwealth* v. *Ciesla,* 380 Mass. 346, 348 (1980). See also *Toussie* v. *United States,* 397 U.S. 112, 115 (1970), a case which concerned whether the failure to register for the draft was a continuing offense and in which the court stated that the conclusion that a particular offense is a continuing one "should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."

---

[4]As amended by St. 1991, c. 460, § 1, § 24(2) now provides, in part, that "[w]hoever operates a motor vehicle . . . and without stopping and making known his name, residence and the registration number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person . . . shall be punished. . . ."

In *Ciesla,* the defendant was charged in 1979 with aiding in the concealment of property (G. L. c. 266, § 60) which had been stolen in 1971. The defendant possessed the property from April or May, 1972, until shortly before the return of the indictment. The court concluded that if the Commonwealth could prove continuing, purposeful, acts in aid of the concealment of stolen property and the last such purposeful act of concealment was within the period of limitations, the prosecution would not be time-barred. That conclusion was based upon the fact that such continuing acts "transgress the basic legislative purpose to prevent the continued withholding of possession of the stolen property from its rightful owner." *Commonwealth* v. *Ciesla,* 380 Mass. at 349. Compare *Toussie* v. *United States,* 397 U.S. at 122, where the Court noted that there was "nothing inherent in the act of registration itself which makes failure to do so a continuing crime."

In an attempt to fit within the reasoning of *Ciesla,* the Commonwealth argues that every day that the defendant failed to make his name, residence, and registration number known to the victim, he continued to act deliberately to make it more difficult for the victim to discover his identity. Additionally, the Commonwealth argues that the defendant's continuous refusal to come forward and identify himself fails to promote public safety.

To allow a prosecution under c. 90, § 24(2), to proceed more than six years after the date of the offense does nothing to further the legislative purpose of the statute. "Its obvious purpose is to enable those in any way injured by the operation of an automobile upon a public way to obtain forthwith accurate information as to the person in charge of the automobile. . . . In unmistakable language it requires the tendering on the spot and immediately of explicit and definite information as to himself of a nature which will identify him readily, and make it simple and easy to find him thereafter." *Commonwealth* v. *Horsfall,* 213 Mass. 232, 236 (1913).

Assuming for purposes of decision that the defendant was the driver, it was his legal obligation to stop and make his identity known at the time of the accident. He failed to satisfy that obligation when he drove off, and the statute of limitations began to run as of that date. Because we see nothing in the language or the legislative purpose of § 24(2)(*a*) which

"contemplates a prolonged course of conduct," *Toussie* v. *United States*, 397 U.S. at 120, we conclude that violation of that statute is not a continuing offense.

*Order dismissing the complaint affirmed.*