Lopez, J.
The defendant stands indicted on three counts of indecent assault and battery on a child under the age of fourteen (indictment 96-0063-01) and five counts of rape of a child (indictment 96-0063-02). The defendant has moved to dismiss the indictments on the grounds that they are barred by the statute of limitations. (G.L.c. 277, §63.) The defendant has also moved to dismiss the second indictment arguing that, as a matter of statutory interpretation, the tolling provision of the statute of limitations is inapplicable. On March 27, 1997 the case was before the court for hearing on the defendant’s motions to dismiss. For the following reasons, the defendant’s motions to dismiss the indictments are denied.
BACKGROUND
The defendant, Raymond Spencer, has been indicted on eight counts charging that he sexually as *633 saulted his daughter, Jean Spencer Watts, between the years 1968 and 1972. According to the Commonwealth’s statement of the case, between the years 1968 and 1972, the defendant sexually assaulted and raped his daughter while the family lived in Massachusetts. In 1972, the defendant’s wife learned of the alleged abuse and the defendant left the family home and moved to the state of Rhode Island. The defendant subsequently took up residence in Connecticut and remained there living publicly until he was indicted on these charges. Ms. Watts first contacted law enforcement officials concerning the alleged abuse in 1994. The defendant was indicted on January 1,1996 and arrested on a Governor’s Warrant in Connecticut.
DISCUSSION
There is no claim of repressed memory on the part of Jeanne Watts. Rather, the Commonwealth argues that the statute of limitations has not run on the charges where the period of time the defendant resided outside the Commonwealth of Massachusetts is excluded pursuant to M.G.L.c. 277, §63. The defendant argues that the tolling provision is unconstitutional because it violates the Equal Protection Clause and the Privileges and Immunities Clause of the United States Constitution and Article I of the Massachusetts Declaration of Rights in that it: (1) denies the defendant the right to a fair trial; (2) impermissibly violates his right to travel; and (3) subjects non-Massachusetts residents to a different statute of limitations than Massachusetts residents. The defendant also argues that the tolling provision is inapplicable to the second indictment based on statutory interpretation. The Commonwealth argues that the tolling provision is constitutional and is applicable to both categories of crimes charged in the indictments.
I. APPLICABILITY OF THE TOLLING PROVISION TO THE CHARGED CRIMES
In his first motion to dismiss, the defendant argues that, as a matter of statutory interpretation, the tolling provision is inapplicable to the rape charges where the provision is connected by a semicolon to the third of three categories of crimes and rape falls within the second categoiy. The Commonwealth contends that neither the current section nor the revisions made to the statute of limitations evidences a legislative intent to exclude the rape charges from the tolling provision.
Chapter 277, §63 states in relevant part that:
An indictment for a crime set forth in section . . . twenty-three of chapter two hundred and sixty-five . . . may be found and filed within ten years of the date of commission of said crime. An indictment for any other crime shall be found and filed within six years after such crime has been committed; but any period during which the defendant is not usually and publicly a resident within the commonwealth shall be excluded in determining the time limited.
Unlike the federal tolling provision, the defendant’s intent in leaving the jurisdiction is irrelevant. Cf. 18 United States Code §3290. Criminal statutes of limitations are “to be liberally interpreted in favor of repose.” Commonwealth v. Valchuis, 40 Mass.App.Ct. 556, 558 (1996) quoting U.S. v. Habig, 390 U.S. 222, 227 (1968). However, the defendant’s assertion that the Legislature intended to limit the applicability of the tolling provision to certain crimes against children and exclude others cannot be supported by a rational interpretation of the statute.
The statute of limitations applicable to criminal charges has included a tolling provision prior to its codification in 1836. At that time, there was no limitation on murder charges and all other charges were subject to a six year statute of limitations and the tolling provision. As the Legislature has amended the statute of limitations to reflect extensions of the limitation periods for crimes deemed more offensive to the interests of socieiy, the wording for the tolling provision has remained virtually unchanged. The defendant asks this court to infer from punctuation an intent on the part of the Legislature to eliminate the applicability of the tolling provision to crimes that it has deemed more destructive to society and thus, more deserving of a longer period for prosecution. This court will not infer a legislative intent to limit the applicability of the tolling provision to the less serious offenses charged based on questionable punctuation.
At the time of the alleged criminal conduct, the rape charges in the second indictment were subject to a six year statute of limitations. The applicable statute of limitations was extended to ten years in 1985 and then to fifteen years in February of 1996. In 1987, the statute was amended so that if the victim is under the age of sixteen, the limitations period begins to run at the earlier of (a) the date of the crime once reported to law enforcement officials, or (b) when the victim turns sixteen. The indecent assault charges in the first indictment have been subject to a six year statute of limitations for the entire period.
The revisions to Chapter 277, §63 evidence an intent on the part of the Legislature to allow for a greater period of time in which to prosecute the crimes for which the defendant is charged. A fair and rational reading of Chapter 277, §63 warrants the applicability of the tolling provision to all of the charges alleged against the defendant and his first motion to dismiss is denied.
II. CONSTITUTIONALITY OF THE TOLLING PROVISION OF CHAPTER 277, §63
The defendant argues that the tolling provision of Chapter 277, §63 is unconstitutional and should be struck down by this court. The constitutionality of the Massachusetts tolling provision has not been reviewed by an appellate court.
*634 A.Level of Scrutiny
The defendant argues that the constitutional challenges presented in his second motion to dismiss subject the tolling provision to strict scrutiny because fundamental interests are at stake. As to the defendant’s challenge based on his fundamental right to travel, courts have held that that right is not absolute and an individual who commits a crime and then leaves the jurisdiction has subjected his/her right to travel to qualifications rationally related to legitimate state interests. Jones v. Helms, 452 U.S. 412, 419 (1981). In addition, the defendant’s assertion that the tolling provision distinguishes between residents and nonresidents is without merit. The statute speaks in terms of a defendant who is not “usually and publicly a resident within the Commonwealth.” A Massachusetts resident who secrets himself from law enforcement is also subject to the tolling provision and thus, the statute does not subject defendants to disparate treatment solely on the basis of their residence. The defendant’s constitutional challenges to the tolling provision are subject to rational review and the defendant bears the burden of demonstrating that the tolling provision is not rationally related to a legitimate state interest. Dickerson v. Latessa, 872 F.2d 1116, 1119 (1st Cir. 1989); Commonwealth v. Arment, 412 Mass. 55, 63 (1992).
B.Right to a Fair Trial
The defendant argues that the tolling provision violates his right to a fair trial because it allows an unlimited period of time to lapse between the time of the alleged criminal conduct and the trial. Under the due process clause, the defendant is guaranteed a fair trial. Strickland v. Washington, 466 U.S. 668, 684 (1984). The defendant must show that the government intentionally or recklessly caused a delay, and that the defendant suffered substantial actual prejudice as a result. Commonwealth v. Patten, 401 Mass. 20, 21 (1987). The defendant carries “the burden of showing that his defense was substantially prejudiced and that the ‘delay has been intentionally undertaken to gain a tactical advantage over the accused or has been incurred in reckless disregard of known risks to the putative defendant’s ability to mount a defense.’ ” Commonwealth v. Best, 381 Mass. 472, 484 (1980), citing Imbruglia, 377 Mass. at 688, 691.
In the instant case, the defendant argues the statute of limitations for a crime establishes an irrebuttable presumption that trial beyond that period violates the defendant’s Sixth Amendment right to a speedy trial and thus a fair trial, see U.S. v. Marion, 404 U.S. 307, 322 (1971). However, the Legislature also has the authority to “. . . balance the relative interests of the state and the defendant in administering and receiving justice.” Id. In this case, the inclusion of the tolling provision evidences that the Legislature’s belief that a defendant’s absence from the Commonwealth affects the state’s ability to investigate and prosecute crimes. Any presumption established by the limitations period is overcome by the tolling provision itself which evidences a countervailing interest in allowing the prosecution of crimes where the defendant is not publicly residing in the Commonwealth.
The defendant alleges that his ability to mount a defense is prejudiced by the lapse of nearly twenty-four years. Although the defendant cites bases for finding that a defendant is prejudiced, he does not allege that he will be prejudiced by the loss of testimonial or concrete evidence. There is no allegation that a particular witness is now unavailable. The mere passage of time, or even prejudice resulting therefrom, does not deny a defendant his right to a fair trial. U.S. v. Lovasco, 431 U.S. 783, 789 (1977). Thus, the defendant has failed to offer any evidence that his ability to mount a defense is prejudiced because of the delay. The defendant has also failed to show that the delay was intentionally or recklessly caused by the prosecution. Law enforcement was not made aware of the charges until 1994 and the indictment was brought in less than two years. The defendant has failed to show that the tolling provision violates his right to a fair trial.
C.Right to Travel
The right to travel is recognized as fundamental, but it is not absolute. Jones, 452 U.S. at 419. Where an individual commits a criminal act, that individual’s right to travel is qualified. Id. As the Supreme Court of California stated in ruling upon the constitutionality of a similar tolling provision, “the defendant is not subjected to greater penalty because he left the state; rather, he is faced with a tolled statutory period of limitations.” Scherling v. Superior Court of Santa Clara County, 585 P.2d 219, 224 (Cal. 1978).
The Commonwealth could have determined that the tolling provision was rationally related to the legitimate state interest of assuring that one who has committed a crime remain in the state to enhance the detection of crime and identification of the criminal and minimize the state’s expense in extraditing defendants. Therefore, the tolling provision is rationally related to legitimate state interests and does not violate the defendant’s qualified right to travel. Similar tolling provisions have been upheld in the face of constitutional challenges in at least seven other states. See e.g., Commonwealth v. Lightman, 489 A.2d 878 (Pa. Super. Ct. 1985); State of Wisconsin v. Sher, 437 N.W.2d 878 (Wis. 1989).
Therefore, the defendant’s motion to dismiss the indictment as being time barred is denied.
ORDER
For the aforementioned reasons, it is hereby ORDERED that the defendant’s motions to dismiss the indictments are DENIED.