COMMONWEALTH *vs.* LEONARD VITALE. No. 96-P-1453. December 29, 1997. *Limitations, Statute of. Fisheries. Lobster. Practice, Criminal,* Complaint.

This is the defendant's appeal from a District Court judge's refusal to grant a pretrial motion for dismissal of a complaint charging him with possession of female egg-bearing lobsters in violation of G. L. c. 130, § 41A. On May 13, 1994, environmental police boarded the defendant's ship, F/V Stella Del Mare, and inspected her catch. Out of 1,968 lobsters in the hold, 1,833 were female and thirty-one of them had their eggs unlawfully removed. Nothing happened thereafter until May 31, 1995, when a clerk-magistrate of the Glouc-ester District Court conducted a show cause hearing on the officer's applica-tion for a criminal complaint. See G. L. c. 218, § 35A. *Gordon* v. *Fay,* 382 Mass. 64, 68 (1980). After a complaint issued on June 6, 1995, the defendant filed a motion to dismiss pursuant to Mass.R.Crim.P. 13(c), 378 Mass. 872 (1979), on the ground that the Commonwealth had failed to bring it within the requisite one-year statute of limitations, G. L. c. 130, § 14. A District Court judge held a hearing on the defendant's motion and found that the statute had not run, apparently because application for the complaint took place on May 9, 1995, four days short of the expiration of the limitations period.[1] After a bench trial, the defendant was convicted. He appeals.

The judge's order was incorrect. General Laws c. 130, § 14, states that "[a]ctions and prosecutions under the laws relative to fish or marine fisheries shall, unless otherwise expressly provided, *be commenced* within one year after the time when the cause of action accrued or the offense was committed" (emphasis added). It is the Commonwealth's position that application for the complaint under G. L. c. 218, § 35A, "commenced" with the action for purposes of satisfying the limitations period. As was recently stated in *Com-monwealth* v. *Valchius,* 40 Mass. App. Ct. 556, 560 (1996), "[t]he Com-monwealth has cited no authority for the proposition that *notice* of an intent to seek . . . a complaint . . . constitutes commencement of a prosecution, let alone satisfies the more specific requirement [of the statute of limitations]" (emphasis original). The *Valchius* court held that the issuance of a motor vehicle citation under G. L. c. 90C, § 3(B)(1) and (2), prior to expiration of the six-year limitation period contained in G. L. c. 277, § 63, did not toll the statute. There, as here, no criminal complaint actually issued until after expira-tion of the applicable period. In the case at bar, the show cause hearing oc-curred on May 31, 1995, eighteen calendar days after the one year statute had

---

[1]The Commonwealth does not raise the issue that needed information for a timely is-suance of a complaint was unavailable during the one-year period. All the information cited in pursuing the charges against the defendant was available as of August 31, 1994, well within the G. L. c. 130, § 14, time period. Strictly by the dates that appear in the record, the police appear to have forgotten to pursue the case until the end of the one-year period.

run. The *Valchius* decision left little doubt about what would occur if the complaint did not actually issue before the limitations period expired. "The fact remains that, with or without a hearing, a complaint cannot issue until there has been a determination of probable cause to believe that a crime was committed and was committed by the defendant." *Ibid.*

The situation here falls within this principle. Contrary to the arguments in the Commonwealth's brief, an "application for a complaint" is not the beginning or "commencement" of the case against the defendant. An application is only a document in the process that is filed in the District Court "to capture basic information about a case." Smith, Criminal Practice & Procedure § 625 (2d ed. 1983). Rule 3 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 847 (1979), in pertinent part, states that "[a] criminal proceeding shall be commenced in the District Court by a complaint," *not* an application for a complaint.

We do not accept any of the Commonwealth's arguments that the rule should be construed otherwise. Relying upon cases from other jurisdictions, it contends that a warrant, summons, or similar process should suffice to toll a statute of limitations. We rejected this analysis in the *Valchius* decision.

The order denying the motion to dismiss is reversed, and the case is remanded to the District Court for dismissal.

*So ordered.*

*Bruce Nicholls* for the defendant.
*Marcia H. Slingerland,* Assistant District Attorney, for the Commonwealth.