COMMONWEALTH *vs.* JOHN A. DUNN.

Worcester. October 4, 1897. — January 8, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Weekly Payment of Wages — Defective Complaint — Constitutional Law.*

In this case it was assumed that certain statutes relating to the weekly payment of wages were not in violation of the Constitution of this Commonwealth or that of the United States, for the reasons stated in the opinion of the Justices to the House of Representatives reported in 163 Mass. 589.

A complaint for a violation of the statutes relating to the weekly payment of wages, which contains no sufficient allegation that the wages were due at the times when it is alleged that the defendant neglected to pay them, is fatally defective.

COMPLAINT to the First District Court of Northern Worcester for a violation of the statutes relating to the weekly payment of wages.

In the Superior Court, before the jury were impanelled, the defendant moved to quash the complaint, assigning, among other things, as grounds therefor, that it failed to set forth that any wages were due at the times when it was alleged that the defendant neglected to pay them, and that the statutes were in violation of the Constitution of the Commonwealth and of that of the United States. The motion was overruled by *Fessenden,* J., and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. P. Goulding,* (*W. C. Mellish* with him,) for the defendant.

*A. P. Rugg,* Assistant District Attorney, for the Commonwealth.

FIELD, C. J. We assume that St. 1894, c. 508, § 51, as amended by St. 1895, c. 438, and St. 1896, c. 241, is not in violation of the Constitution of this Commonwealth or of the United States, for the reasons stated in the opinion given by the Justices to the House of Representatives on May 6, 1895, 163 Mass. 589.

We are of opinion that the effect of St. 1895, c. 438, is to make persons and partnerships engaged in any manufacturing business in the Commonwealth, and having more than twenty-five employees, subject to the general provisions of St. 1894, c. 508, § 51, concerning manufacturing corporations, but that the special provisions of that section concerning municipal corporations not cities, and concerning counties, co-operative corporations or associations, and railroad corporations, are not applicable to such persons and partnerships. As the word " corporation," found in § 65 of the St. of 1894, cannot be held to include the persons and partnerships mentioned in the St. of 1895, we think that § 78 of the St. of 1894 is applicable to such persons and partnerships. Section 51 of the St. of 1894, after the passage of the St. of 1895, is to be read as if the St. of 1895 had been incorporated in it. *Conrad* v. *Nall,* 24 Mich. 275. *Farrell* v. *State,* 25 Vroom, 421. We find nothing else in the exceptions taken at the trial or in the motion to quash the complaint which seems to require notice except the contention that the complaint

should be quashed because it "fails to set forth that any wages were due at the times alleged." One allegation of the complaint is "that said John A. Dunn did at Gardner aforesaid, on the fifteenth day of September in the year one thousand eight hundred and ninety-six, and on all other days and times between said first day of September and said fifteenth day of September, neglect to pay to said Henry A. Struthers as such employee as aforesaid, in the said manufacturing business of him the said John A. Dunn, the wages of him the said Henry A. Struthers so earned as aforesaid on said first day of September," etc. This perhaps implies that the wages were due on the fifteenth day of September, or on some day between that day and the first day of September, and that they were not paid when they were due ; but there is no distinct allegation that such is the fact, and it is, we think, consistent with the allegations of the complaint that the wages earned on the first day of September were paid on or before that day. We are of opinion that the complaint is fatally defective in not alleging that the wages earned on the first day of September were due at the times when it is alleged the defendant neglected to pay them. The exceptions to the order overruling the motion to quash are          *Sustained.*