COMMONWEALTH vs. NORTHERN TELECOM, INC., & another.[1]

No. 87-91.

Middlesex. September 11, 1987. — January 11, 1988.

Present: GRANT, PERRETTA, & SMITH, JJ.

*Wages. Labor,* Failure to pay wages. *Practice, Criminal,* Complaint. *Limitations, Statute of. Department of Labor and Industries.*

A criminal complaint charging violation of G. L. c. 149, § 148, for nonpayment of earned wages, issued after an application by the employee under G. L. c. 149, § 149, rather than by the Department of Labor and Industries under G. L. c. 149, § 150, was governed by the six-year limitations period set out in G. L. c. 277, § 63. [256-258]

A criminal complaint under G. L. c. 149, § 148, for nonpayment of wages alleging that the defendant employed the complainant and that wages were earned and due, and not paid, was sufficient, without stating the amount due, to withstand the defendant's motion to dismiss for failure to state a crime. [258-259]

COMPLAINT received and sworn to in the Framingham Division of the District Court Department on January 21, 1986.

The case was heard by *Robert V. Greco,* J., on a motion to dismiss.

*Edward F. Connelly,* Special Assistant Attorney General, for the Commonwealth.

*Howard Michael Cooper* for the defendant.

SMITH, J. On July 21, 1986, a complaint was issued by a District Court charging the defendants, whom we shall refer to in the singular, with a violation of G. L. c. 149, § 148. The complaint stated that the defendant, "having employed one Jane Morgan Howard, did fail to pay earned wages to said employee within the time period, required by law, in violation of G. L. c. 149, § 148." The complaint was signed by the defendant's former employee, Howard.

---

[1] John Pippy, the local manager of Northern Telecom, Inc.

The defendant filed a motion to dismiss the complaint. The grounds for dismissal as set forth in the motion were twofold: namely, (1) the complaint was barred by the statute of limitations, and (2) it failed to state a crime. A District Court judge, after listening to arguments of counsel, allowed the defendant's motion. The Commonwealth appealed, and we reverse the order.

General Laws, c. 149, § 148, as amended through St. 1979, c. 633, requires that certain employers make regular, prompt payment of wages to their employees. It also applies to the payment of commissions, provided that "the amount of such commissions, less allowable or authorized deductions, has been definitely determined and has become due and payable to such employee . . . ." The statute provides criminal penalties for violation of its provisions. The Department of Labor and Industries (department) is charged with enforcing the statute. See G. L. c. 149, § 2.

The instant case concerns the alleged nonpayment of commissions by the defendant to the former employee, Howard. We discuss the defendant's contentions.

1. *The statute of limitations ground.* General Laws c. 149, § 148, states that criminal prosecutions for alleged failures to pay "definitely determined" commissions that have become due are "subject to the provisions of [G. L. c. 149, § 150]." That statute provides, in part, that "[t]he department may make complaint against any person for a violation of [G. L. c. 149, § 148,] within three months after the date thereof."[2]

---

[2] General Laws c. 149, § 150, provides as follows:

"The department may make complaint against any person for a violation of section one hundred and forty-eight within three months after the date thereof. On the trial no defence for failure to pay as required, other than the attachment of such wages by trustee process or a valid assignment thereof or a valid set-off against the same, or the absence of the employee from his regular place of labor at the time of payment, or an actual tender of such employee at the time of payment of the wages so earned by him shall be valid. The defendant shall not set up as a defence a payment of wages after the bringing of the complaint. An assignment of future wages payable weekly under section one hundred and forty-eight shall not be valid if made to the person from whom such wages are to become due or to any person on his behalf, or if made or procured to be made to another person for

The complaint in this case shows that it was issued some twenty months after the date of the alleged offense, and that the complainant was the defendant's former employee. The defendant argues that § 148, when read in conjunction with § 150, provides that criminal prosecutions for an alleged failure to pay "definitely determined" commissions that may have become due be brought only by the department and, in such instances, only within three months of the date of the alleged offense. We disagree with the defendant's argument.

The Legislature, in addition to the method set forth in G. L. c. 149, § 150, has provided another means whereby a criminal prosecution for an alleged violation of G. L. c. 149, § 148, may be initiated. Under G. L. c. 149, § 149, employees who have not received their wages or "definitely determined" commissions that have become due, may seek complaints in their own behalf.[3] Unlike G. L. c. 149, § 150, there is no language in section § 149 that limits the time when the complaint must be brought. Therefore, complaints brought by employees under § 149 are governed by the limitation period set out in G. L. c. 277, § 63. That statute provides a six-year statute of limitations for crimes for which no other statute of limitations is prescribed. The complaint in the instant case was brought well within the permitted time period.[4]

the purpose of relieving the employer from the obligation to pay weekly. A loan made by an employee to his employer of wages which are payable weekly under section one hundred and forty-eight, whether made directly to the employer or to another person or persons on his behalf, shall not be valid as a defense on the trial of a complaint for failure to pay such wages weekly, unless such loan shall have been made with the approval of the department."

[3] General Laws c. 149, § 149, states as follows:

"A justice or clerk of a district court, or a trial justice, may upon the application of any employee issue a summons to an employer to appear and show cause why a warrant should not issue against him for a violation of the preceding section. Upon the return of such summons and after a hearing the justice may issue a warrant upon the complaint of any such employee."

[4] The reasons that the Legislature provided two methods of bringing a complaint for a violation of G. L. c. 149, § 148, are readily apparent. By § 149, employees are permitted to seek their own complaints. Section 150

Contrary to the defendant's contention, G. L. c. 149, § 148, with its reference to § 150, does not mean that only the department can bring a complaint when "definitely determined" commissions are due an employee. The language in § 150, that "[t]he department may make complaint against any person for a violation of [G. L. c. 149, § 148] . . . ," is permissive only, and does not foreclose an employee from seeking a complaint. *Commonwealth* v. *Haddad*, 364 Mass. 795, 798 (1974). The reference to § 150 is to other language in that section which outlines a number of situations that cannot be used as defenses to a complaint brought for a violation of G. L. c. 149, § 148.[5]

2. *The complaint fails to state a crime.* The defendant argues that the complaint is fatally defective because it fails to set forth a "definitely determined" amount of commissions due and owing to Howard. He relies on *Commonwealth* v. *Dunn*, 170 Mass. 140, 141-142 (1898), as support for his argument. In that case, the court held that a complaint was fatally defective because it failed to allege that the wages were due at the time when it was alleged that the defendant neglected to pay them.

"In a ruling on a motion to dismiss for failure to state a crime, the judge is confined to a consideration of defects appearing on the face of the [complaint]." *Commonwealth* v.

---

allows the Commonwealth, through the department and without the assistance of any individual to seek a complaint in order to (1) enforce the regulatory aspects of G. L. c. 149, § 148, (2) avoid the problems of coordinating multiple complainants and multiple complaints in cases where an employer has not paid several employees, and (3) proceed in the rare case where a prosecution is in the best interests of the Commonwealth but where an employee may be reluctant to have a complaint issue at his behest.

[5] The defendant argues that the department circumvented the three-month statute of limitations set out in G. L. c. 149, § 150, by having Howard sign the complaint. It asserts that this is a prosecution conducted by the department. By G. L. c. 149, § 2, the department is instructed by the Legislature to enforce the provisions of G. L. c. 149. To effect that purpose, some of the department's attorneys are sworn in as special assistant attorneys general so that they may prosecute these cases in the various District Courts. The fact that the department is a prosecutor does not mean that it is also the complainant.

There is nothing in this record that substantiates in any respect the defendant's claim.

*Clark*, 393 Mass. 361, 363 (1984). Here the complaint states that (1) the defendant employed the complainant, and (2) wages were earned and due to her and not paid. There is nothing in *Commonwealth* v. *Dunn, supra,* and the defendant has not cited any other decision that holds that the *amount* of the wages or commissions must be set forth in the complaint. At trial, the fact that the amount of the commissions had been definitely determined and had become due is an element of the crime that must be proved by the Commonwealth. However, "[i]t is not necessary for the Commonwealth to set forth in the complaint or indictment every element of the crime to withstand a motion to dismiss." *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987).

The order allowing the motion to dismiss is reversed and the case is remanded to the District Court Department.

*So ordered.*