The case was submitted on the papers filed, accompanied by a memorandum of law.

*Alejandro Cardenas*, pro se.

LEE FORT *vs.* COMMONWEALTH. November 12, 2009. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

The petitioner, Lee Fort, appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. We affirm.

Fort was convicted of cocaine trafficking and of doing so in a school zone. Prior to his trial he filed a motion to suppress, which was denied, as was his application to this court to take an interlocutory appeal from that denial. After his trial, the Appeals Court affirmed the conviction in a memorandum and order pursuant to its rule 1:28 and later denied his petition for rehearing; this court denied his application for further appellate review; and the United States Supreme Court denied his petition for a writ of certiorari. *Commonwealth* v. *Fort*, 71 Mass. App. Ct. 1124, *S.C.*, 452 Mass. 1102 (2008), cert. denied, 129 S. Ct. 1354 (2009). Fort then filed his G. L. c. 211, § 3, petition in the county court, essentially arguing that the denial, and review on appeal, of the motion to suppress omitted mention of, or misstated, certain facts in the record, and that those errors, in turn, resulted in a violation of his due process rights to a fair trial. The petition was denied.

Fort has now filed what is intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), although he is not challenging any interlocutory ruling of the trial court. Regardless whether rule 2:21 applies, however, it is clear from the record that Fort was not entitled to review pursuant to G. L. c. 211, § 3. Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000). Fort bears the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001). He has not met that burden. Fort has already obtained appellate review of the denial of his motion to suppress, and he nowhere demonstrates that the remedy of ordinary appellate review has been inadequate. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005).

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Lee Fort*, pro se.