## COMMONWEALTH *vs.* YAINIRA BORIA.

Plymouth. April 5, 2011. - July 26, 2011.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Controlled Substances. Constitutional Law,* Retroactivity of judicial holding, Assistance of counsel, Confrontation of witnesses. *Practice, Criminal,* Retroactivity of judicial holding, Assistance of counsel, Confrontation of witnesses. *Evidence,* Certificate of drug analysis.

This court concluded that in a direct appeal from a judgment of conviction of distribution of cocaine, second offense, appellate counsel's failure to raise the defendant's objection, made at trial, to the admission of a certificate of drug of analysis (stating that a seized substance contained cocaine) did not constitute ineffective assistance of counsel, despite the granting of certiorari by the United States Supreme Court to decide that very issue in *Melendez-Diaz* v. *Massachusetts,* 129 S. Ct. 2727 (2009) (*Melendez-Diaz*), during the pendency of the defendant's appeal, where, in light of existing State case law, such a claim would have been futile at the time the appeal was brought in, and decided by, the Appeals Court, i.e., the appeal would have failed and the conviction would have become final long before *Melendez-Diaz* was decided [252-253]; further, appellate counsel's failure to seek a stay of the defendant's appeal once certiorari had been granted in *Melendez-Diaz* did not constitute ineffective assistance of counsel, where there were countervailing reasons not to seek such a stay [253-254].

INDICTMENTS found and returned in the Superior Court Department on August 19, 2005.

After review by the Appeals Court, 72 Mass. App. Ct. 1113 (2008), a motion for postconviction relief, filed November 5, 2009, was heard by *Jeffrey A. Locke,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Gail S. Strassfeld* for the defendant.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.

*Daniel F. Conley,* District Attorney, & *Paul B. Linn,* Assistant District Attorney, for District Attorney for the Suffolk District, amicus curiae, submitted a brief.

*Brownlow M. Speer & Donald S. Bronstein,* Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

CORDY, J. Yainira Boria was convicted of distributing cocaine, second offense, in violation of G. L. c. 94C, § 32A (*d*), on June 27, 2006, and sentenced to a five-year mandatory term of imprisonment (from five years to five years and one day). During trial and over the defendant's objection, the Commonwealth introduced a certificate of drug analysis (drug certificate) confirming that the substance, which had been purchased from the defendant by an undercover police officer and submitted to the State laboratory for analysis, was cocaine. The defendant appealed from her conviction and her sentence, and her appeal was entered in the Appeals Court on August 27, 2007. The sole legal issue raised in the appeal was the correctness of the judge's conclusion that G. L. c. 94C, § 32A (*d*), required the imposition of a mandatory minimum sentence of five years.

On March 17, 2008, and prior to oral argument of her direct appeal in the Appeals Court, the United States Supreme Court granted certiorari in *Commonwealth* v. *Melendez-Diaz,* 69 Mass. App. Ct. 1114 (2007), cert. granted, 552 U.S. 1256 (2008) (*Melendez-Diaz I*), to resolve the question whether drug certificates were admissible consistent with the confrontation clause of the Sixth Amendment to the United States Constitution without the testimony of the analyst who prepared them. Appellate counsel did not include the issue of the admissibility of the drug certificate in the defendant's appeal. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the conviction and sentence on August 13, 2008, *Commonwealth* v. *Boria,* 72 Mass. App. Ct. 1113 (2008), and we denied further appellate review, 452 Mass. 1108 (2008). Ninety days later her conviction became final. See 28 U.S.C. § 2101(c) & (d) (2006).

On June 25, 2009, the United States Supreme Court issued its decision in *Melendez-Diaz I,* 129 S. Ct. 2527 (2009), concluding that drug certificates are testimonial, subject to the requirements of the confrontation clause, and are inadmissible in a criminal trial without the testimony of the analyst who prepared them. *Id.* at 2532. The defendant filed a motion for a new trial

on November 5, 2009, arguing that appellate counsel was ineffective for failing to raise the issue of the admissibility of the drug certificate in her direct appeal and for further failing to seek a stay of the appeal while *Melendez-Diaz I* was pending in the Supreme Court. The defendant's motion was denied on the ground that any error in admitting the drug certificate was harmless beyond a reasonable doubt, based on the overwhelming evidence presented by the Commonwealth that the defendant was involved in the distribution of cocaine. The defendant appeals from the denial and asks us to apply *Melendez-Diaz* retroactively to the collateral challenge to her conviction.

We today concluded that the rule announced by the United States Supreme Court in *Melendez-Diaz I* was a new rule not applicable to convictions, such as the defendant's, that had become final prior to its issuance. See *Commonwealth* v. *Melendez-Diaz, ante* 238, 239-240 (2011) (*Melendez-Diaz II*). Consequently, there was no error in the admission of the drug certificate at the defendant's trial based on the law in effect at the time. See *Commonwealth* v. *Verde*, 444 Mass. 279 (2005). Because we also conclude that the defendant's attempt to obtain relief under the rubric of ineffective assistance of appellate counsel fails, we affirm the denial of her motion for a new trial.

1. *Evidence at trial.* On June 22, 2005, State Trooper David Patterson, working undercover, approached the defendant outside a Chinese restaurant in Brockton and told her he was looking for a "twenty," referring to twenty dollars' worth of cocaine. The defendant said, "No problem," and approached another individual who removed something from his mouth, placed it in a menu, and handed the menu to the defendant. The defendant handed the menu to Trooper Patterson, who gave the defendant twenty dollars in exchange. Inside the menu was a clear plastic bag containing off-white powder. The defendant was subsequently arrested.

The substance given to Trooper Patterson was weighed and field tested,[1] then labeled and secured in a Brockton evidence locker to be analyzed later at the State laboratory. At the defendant's trial, the substance inside the clear plastic bag was

---

[1]There was no testimony as to the results of the field test.

identified as the substance provided to Trooper Patterson by the defendant in exchange for twenty dollars. The substance was accompanied by a drug certificate which stated that it contained cocaine with a net weight of .15 grams. The certificate was admitted in evidence over defense counsel's objection.[2] The jury were instructed with respect to how they might consider the drug certificate in the following terms:

> "This certificate of analysis has been marked into evidence. The statute which I referred to earlier provides in part that a certificate of analysis made by the Department of Public Health, the University of [Massachusetts Medical School] or the Drug Enforcement Administration shall be and it uses . . . 'prima facie evidence of the composition of . . . the substance that is analyzed.' The words prima facie mean that the certificate is evidence in this case, and it may be considered by you along with the other evidence when you are deciding whether the substance was, in fact, cocaine."

2. *Discussion.* The defendant claims that her appellate counsel was ineffective in representing her because she failed to pursue trial counsel's objection to the admissibility of the drug certificate on the direct appeal, and then failed to move to stay that appeal until the United States Supreme Court rendered its decision in *Melendez-Diaz I.* If she were to succeed in her arguments, the defendant would be entitled to a new appeal, rather than a new trial. See *Commonwealth* v. *Stote,* 456 Mass. 213, 217-218 n.9 (2010).

To prevail, the defendant bears the burden of demonstrating that "there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and that, as a result, the defendant was "likely deprived . . . of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). "A strategic

---

[2]Defense counsel's objection was based, in part, on the admission of the drug certificate in light of "the case law coming out on business records." (*Commonwealth* v. *Verde,* 444 Mass. 279 [2005].) Defense counsel also objected to the admission of the drug certificate because the Commonwealth had not redacted the defendant's name from the certificate.

or tactical decision by counsel will not be considered ineffective assistance unless the decision was 'manifestly unreasonable' when made." *Commonwealth* v. *Watson*, 455 Mass. 246, 256 (2009), quoting *Commonwealth* v. *Martin*, 427 Mass. 816, 822 (1998).

Appellate counsel's failure to press the defendant's objection to the admission of the drug certificates in the direct appeal did not constitute ineffective assistance. In light of *Commonwealth* v. *Verde*, *supra* at 284, such a claim would have been futile at the time her appeal was brought in, and decided by, the Appeals Court. See *Commonwealth* v. *Vasquez*, 456 Mass. 350, 356 (2010). It would not have mattered whether the issue had been included in her initial claim of appeal or had been added to that claim after certiorari was granted in *Melendez-Diaz I*. In either event, the appeal would have failed, and the conviction become final long before *Melendez-Diaz I* was decided. Consequently, the Supreme Court's ruling in *Melendez-Diaz I* would have had no effect. See *Melendez-Diaz II*, *supra* at 239-240 (ruling in *Melendez-Diaz* was new rule not applicable to convictions which were final before it was decided). While counsel may choose to make such a futile appeal in an attempt to seek a change in the law, the failure to do so cannot have rendered her performance "measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, *supra*. See *Commonwealth* v. *Sowell*, 34 Mass. App. Ct. 229, 233 (1993), quoting *Smith* v. *Murray*, 477 U.S. 527, 536 (1986) (" 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail . . . is the hallmark of effective appellate advocacy").

The defendant further claims, however, that if appellate counsel had sought a stay of her appeal once certiorari had been granted in *Melendez-Diaz I*, she might have successfully delayed the hearing in her direct appeal until after the Court had decided the case, thus making the Supreme Court's ruling available to her because her conviction would not have been final. We are not persuaded that the failure to seek what would have been a lengthy stay of an appeal on the granting of certiorari in an unrelated criminal case, on the chance that an issue may be decided to the defendant's advantage, constitutes ineffective assistance of

counsel. This is particularly the case when there are countervailing reasons, as there were here, not to seek such a stay.

The case against the defendant was very strong. Consequently, her principal claim on appeal was that the five-year mandatory term of imprisonment she had received was the result of a misinterpretation and misapplication of the mandatory sentencing provision in the statute. The defendant was serving her sentence while the appeal was pending. If she had prevailed, she would have been resentenced and, in light of the time she had served, released immediately. The alternative, now argued, would have significantly delayed a decision on the sentencing claim while she remained incarcerated, in the hope of benefiting on an issue uncertain in outcome, that would, at best, eventually win her a new trial, at which the evidence of her guilt once again would have been very powerful. The failure to pursue such a course was not manifestly unreasonable at the time.

3. *Conclusion.* For the foregoing reasons, the denial of the defendant's motion for a new trial is affirmed.

*So ordered.*