Commonwealth v. Perella.


COMMONWEALTH vs. JOSEPH PERELLA.

Norfolk. October 1, 2012. - February 1, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Limitations, Statute of. Practice, Criminal,* Complaint, Indictment, Grand jury
proceedings, Dismissal. *Statute,* Construction. *Robbery.*

This court, employing familiar canons of statutory interpretation, concluded that
G. L. c. 277, § 63, which sets forth the statute of limitations for various of-
fenses and employs the term "indictment" in some provisions but "indict-
ment or complaint" in others, requires the timely filing of an indictment, not
a complaint, to toll the statute of limitations when the offense charged is
armed robbery under G. L. c. 265, § 17 [276-282]; further, this court
concluded that G. L. c. 277, § 79, does not permit substitution of the term
"complaint" for the term "indictment" wherever "indictment" appears in
G. L. c. 277 [282-284].


INDICTMENT found and returned in the Superior Court Depart-
ment on May 12, 2010.

A motion to dismiss was heard by *Janet L. Sanders*, J.

The Supreme Judicial Court granted an application for direct
appellate review.

*Gregory P. Connor*, Assistant District Attorney, for the
Commonwealth.

*Patrick M. Troy* (*Dennis M. Toomey* with him) for the defend-
ant.

DUFFLY, J. On January 19, 2010, a criminal complaint was
filed in the District Court charging the defendant with the com-
mission of an armed robbery that took place on January 20,
2000. On May 12, 2010, more than ten years after the date of
the armed robbery, a grand jury returned an indictment against
the defendant for that offense. A judge of the Superior Court al-
lowed the defendant's motion to dismiss on the ground that the
case was not properly initiated by indictment until after the
statute of limitations had run.

This case requires us to decide whether the filing of a criminal

complaint tolls the statute of limitations set forth in G. L. c. 277, § 63 (§ 63), which states that "[a]n indictment for [armed robbery under G. L. c. 265, § 17,] . . . may be found and filed within [ten] years after the date of commission of such offense." We conclude that § 63 requires the filing of an indictment within the ten-year limitations period for armed robbery, G. L. c. 265, § 17, and that the filing of a complaint within the limitations period, and the return of an indictment outside that period, does not constitute timely commencement of the criminal proceeding. We therefore affirm the order dismissing the indictment.

*Background and prior proceedings.* We summarize background information that is reflected in the briefs of both parties.[1] On January 20, 2000, a man entered the Randolph Savings Bank in Stoughton, wearing a winter hat, a scarf that covered his face, and sunglasses. The man passed to a teller a note that "request[ed]" money and claimed the man had a weapon. After the teller handed the man some money, the man left the bank. A civilian witness took note of the registration number of the vehicle in which the man drove away. Stoughton police later located an automobile with that registration number in another town. Inside the vehicle, they found a winter hat. Police held the hat in storage until November, 2007, when they requested that it be tested for the presence of deoxyribonucleic acid (DNA). On January 16, 2010, the results of the DNA testing were sent to the Stoughton police. Based on the test results, the DNA collected from the hat was determined to be a match for the DNA of the defendant.

After DNA testing linked the hat to the defendant, and inferentially to the armed robbery, the Commonwealth sought a criminal complaint in the District Court.[2] A complaint issued in the District Court on January 19, 2010, charging the defendant with the January 20, 2000, armed robbery. On May 12, 2010,

_____

[1]According to the defendant's memorandum in support of his motion to dismiss, this information is contained in the police report attached to the criminal complaint. That report is not included in the record before us.

[2]Based on the limited record, it appears that the Commonwealth received, at the same time, the information that the deoxyribonucleic acid (DNA) collected from the hat produced a specific DNA profile, and that the profile was a match for the defendant's DNA. Thus, it appears that the Commonwealth did not earlier have information that could have made it possible to seek a

more than four months after the ten-year anniversary of the date on which the bank robbery occurred, a grand jury returned an indictment charging the defendant with the armed robbery.

The defendant filed a motion to dismiss in the Superior Court on the ground that the ten-year statute of limitations for armed robbery, G. L. c. 265, § 17, had expired before the indictment was returned by the grand jury. The Commonwealth agreed that the statute of limitations had expired before the indictment was returned, but argued that, by the filing of the complaint on January 19, 2010, the statute of limitations was tolled. The judge concluded that the statute of limitations required an indictment to be issued and filed within ten years from the date of the offense, and ordered the case dismissed with prejudice. The Commonwealth appealed, and we allowed the Commonwealth's application for direct appellate review.

*Discussion.* "We review a question of statutory interpretation de novo, without deference to the motion judge's conclusion." *Commonwealth* v. *George W. Prescott Publ. Co.*, 463 Mass. 258, 264 n.9 (2012). We focus first on the language of the statute, which provides "the primary source of insight into the intent of the Legislature." *Commonwealth* v. *Millican*, 449 Mass. 298, 300 (2007). As a general rule, "we do not look to extrinsic sources to vary the plain meaning of a clear, unambiguous statute unless a literal construction would yield an absurd or unworkable result." *Id.* at 300-301.

1. *General Laws c. 277, § 63.*[3] As noted, the statute of limitations applicable to armed robbery states that "[a]n indictment for [armed robbery] . . . may be found and filed within [ten] years after the date of commission of such offense." G. L. c. 277, § 63.[4] Based on a literal reading, this provision requires that an indictment be returned by the grand jury to the Superior Court within the ten-year limitations period. See *Commonwealth*

John Doe indictment identifying the defendant by his DNA profile. See *Commonwealth* v. *Dixon*, 458 Mass. 446, 453-454 (2010), citing *Connor* v. *Commonwealth*, 363 Mass. 572, 576-578 (1973).

[3]We rely on the version of the statute as amended through St. 2011, c. 178, §§ 27-28. The amendments did not alter the previous version of the statute in a manner material to our discussion.

[4]General Laws c. 277, § 63 (§ 63), provides, in relevant part:

"An indictment for murder may be found at any time after the death

v. *Dixon*, 458 Mass. 446, 454-455 (2010) ("The plain language of the statute creates an elementary legal formula: once an indictment has been 'found and filed' within the statutory period . . . , the statute of limitations is tolled"). On this reading, the filing of a complaint would not toll the statute of limitations for armed robbery.

Other statutes of limitations set forth in § 63 support a reading of the text to mean that, as to specified offenses, the filing of a complaint will toll a limitations period only when the statute so provides. The second sentence of § 63 states:

"An *indictment or complaint* for an offense set forth in section 13B, 13B½, 13B¾, 13F, 13L, 22A, 22B, 22C, 23, 23A, 23B, 24B or subsection (*b*) of section 50 of chapter 265, for conspiracy to commit any of these offenses, as an accessory thereto, or any [one] or more of them may be found and filed at any time after the date of the commission of such offense; but any *indictment or complaint* found and filed more than [twenty-seven] years after the date of commission of such offense shall be supported by independent evidence that corroborates the victim's allegation" (emphasis added).

of the person alleged to have been murdered. An indictment or complaint for an offense set forth in section 13B, 13B½, 13B¾, 13F, 13L, 22A, 22B, 22C, 23, 23A, 23B, 24B or subsection (*b*) of section 50 of chapter 265, for conspiracy to commit any of these offenses, as an accessory thereto, or any [one] or more of them may be found and filed at any time after the date of the commission of such offense; but any indictment or complaint found and filed more than [twenty-seven] years after the date of commission of such offense shall be supported by independent evidence that corroborates the victim's allegation. Such independent evidence shall be admissible during trial and shall not consist exclusively of the opinions of mental health professionals. An indictment for an offense set forth in sections 22, 24 or subsection (*a*) of section 50 of chapter 265, or for conspiracy to commit either of these offenses or as an accessory thereto or any [one] or more of them may be found and filed within [fifteen] years of the date of commission of such offense. An indictment for an offense set forth in sections 17, 18, 19 and 21 of said chapter 265 or section 17 of chapter 272, for conspiracy to commit any such crime, as an accessory thereto, or any [one] or more of them may be found and filed within [ten] years after the date of commission of such offense. An indictment for any other crime shall be found and filed within [six] years after such crime has been committed. Any period during which the defendant is not usually and publicly a resident within the [C]ommonwealth shall be excluded in determining the time limited."

"[W]here the Legislature has employed specific language in one paragraph, but not in another, the language should not be implied where it is not present." *Commonwealth* v. *Galvin*, 388 Mass. 326, 330 (1983), quoting *Beeler* v. *Downey*, 387 Mass. 609, 616 (1982).

Here, the Legislature has made specific reference to "indictment" in some provisions of § 63, in contrast to its use of "indictment or complaint" in the second sentence of that section. The reference to both indictment and complaint comports with the type of offenses listed in the provision to which the statute of limitations applies. Some of the offenses referred to in this sentence can be tried on a complaint and disposed of in the District Court.[5] Others must be tried on an indictment and disposed of in the Superior Court,[6] even if the crime is first charged by a complaint issued in the District Court, unless the defendant has waived the right to be proceeded against by indictment under G. L. c. 263, § 4A.[7] By comparison, the first, fourth, and

---

[5]For example, a violation of G. L. c. 265, § 13L (wanton or reckless behavior creating risk of serious bodily injury or sexual abuse of child), is not punishable by imprisonment in State prison, and is therefore a misdemeanor. See G. L. c. 274, § 1. The District Court has concurrent jurisdiction over all misdemeanors, G. L. c. 218, § 26, and this offense may therefore be tried on a complaint in the District Court. See Mass. R. Crim. P. 3 (a), as appearing in 442 Mass. 1502 (2004).

[6]For example, a violation of G. L. c. 265, § 13B½ (indecent assault and battery on child under fourteen, aggravated), which is punishable by not less than ten years in State prison, is not listed in G. L. c. 218, § 26, as one of the offenses over which the District Court has original jurisdiction concurrent with the Superior Court, and the offense must therefore be tried and disposed of in the Superior Court. See G. L. c. 212, § 6 (Superior Court has original jurisdiction over all crimes). Pursuant to G. L. c. 218, § 26, the District Court has original jurisdiction, concurrent with that of Superior Court, over certain enumerated offenses, "complaint of which shall be brought" in the District Court. In addition to offenses "punishable by imprisonment in the [S]tate prison for not more than five-years," other enumerated offenses (some of which provide for punishment by imprisonment in State prison in excess of five years) are listed as falling within the District Court's original, concurrent jurisdiction, but G. L. c. 265, § 13B½, is not among them. See G. L. c. 218, § 26. Absent a defendant's waiver made pursuant to G. L. c. 263, § 4A, a criminal proceeding in the Superior Court must be commenced by indictment. See G. L. c. 263, § 4; Mass. R. Crim. P. 3 (a).

[7]General Laws c. 263, § 4A, provides in relevant part:

"A defendant charged in the [D]istrict [C]ourt with an offense as to

fifth sentences of § 63, setting forth the statutes of limitations applicable to certain other enumerated offenses, use only the term "indictment." See note 4, *supra.* Each of the offenses listed in those sentences must, due to the nature of the offense, be tried and disposed of in the Superior Court after a grand jury have returned an indictment, unless the defendant has waived the right to be proceeded against by indictment.[8]

Read in this fashion, § 63 is internally consistent and supports an interpretation that requires the timely filing of an indictment, not a complaint, to toll the statute of limitations when the offense charged is armed robbery under G. L. c. 265, § 17. See *Wheatley* v. *Massachusetts Insurers Insolvency Fund,* 456 Mass.

which he has the right to be proceeded against by indictment shall have the right, except when the offense charged is a capital crime, to waive that right, whereupon the court shall have as full jurisdiction of the complaint as if an indictment had been found."

[8] The statute of limitations for murder provides that "[a]n indictment for murder may be found at any time after the death of the person alleged to have been murdered." G. L. c. 277, § 63. Murder carries a possible sentence of more than five years in State prison, G. L. c. 265, § 2, and murder must therefore be tried on an indictment and disposed of in the Superior Court. See note 6, *supra.* The right to be proceeded against by indictment cannot be waived under G. L. c. 263, § 4A, when the offense charged is murder in the first degree, because murder in the first degree is a "[c]apital crime." Mass. R. Crim. P. 2 (b) (3), 378 Mass. 844 (1979). See *Commonwealth* v. *Francis,* 450 Mass. 132, 134 n.3 (2007).

The fifteen-year statute of limitations set forth in the fourth sentence of § 63 provides that an indictment for rape, assault with intent to commit rape or human trafficking for sexual servitude, or "for conspiracy to commit either of these offenses or as an accessory thereto or any [one] or more of them may be found and filed within [fifteen] years of the date of commission of such offense." All offenses covered by the statute of limitations in this part of § 63 carry a possible sentence of more than five years in State prison, and therefore, absent waiver, these offenses must be tried on an indictment and disposed of in the Superior Court.

The ten-year statute of limitations set forth in the fifth sentence of § 63 provides that an indictment for armed robbery, assault with intent to rob or murder, unarmed robbery, stealing by confining or putting in fear, incestuous marriage or sexual activities, or "for conspiracy to commit any such crime, as an accessory thereto, or any [one] or more of them may be found and filed within [ten] years after the date of commission of such offense." All offenses covered by the statute of limitations in this part of § 63 carry a possible sentence of more than five years in State prison, and therefore, absent waiver, these offenses must be tried on an indictment and disposed of in the Superior Court.

594, 601 (2010) (statutes must be read as whole to produce internal consistency). See also *Commonwealth* v. *Williamson*, 462 Mass. 676, 681 (2012), quoting *Commonwealth* v. *Galvin*, *supra* at 328 ("When the meaning of any particular section or clause of a statute is questioned, it is proper . . . to look into the other parts of the statute"). Moreover, were we to interpret "indictment" as implicitly incorporating "complaint" in the first, fourth, and fifth sentences of § 63, the two explicit references to "complaint" in the second sentence would be rendered impermissibly superfluous. See *Commonwealth* v. *Millican*, 449 Mass. 298, 300 (2007), quoting *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967) ("None of the words of a statute is to be regarded as superfluous").

Our interpretation of § 63 is informed by our recognition that an indictment and a complaint are the products of two distinct procedures, and are not interchangeable labels for the commencement of a criminal proceeding. "An indictment is found when voted on favorably by twelve or more grand jurors, and filed when returned to a judge in open court." *Commonwealth* v. *Dixon, supra* at 455, citing Mass. R. Crim. P. 5 (e), as appearing in 442 Mass. 1505 (2004). See *Charles C.* v. *Commonwealth*, 415 Mass. 58, 65 (1993) (grand jury return indictments to Superior Court). Before an indictment may be returned, "at the very least the grand jury must hear sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him." *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982), and cases cited. Indictment by a grand jury is thus an important component in the prosecution of serious crimes, one which we have described "as a bulwark of individual liberty and a fundamental protection against despotism and persecution." *Commonwealth* v. *Wilcox*, 437 Mass. 33, 34 (2002), quoting *WBZ-TV4* v. *District Attorney for the Suffolk Dist.*, 408 Mass. 595, 599-600 (1990).

The issuance of a criminal complaint, by contrast, does not involve presentation to the grand jury. Instead, a judicial officer may issue a complaint on the basis of any person's sworn statement, so long as there is "probable cause to believe that the person against whom the complaint is sought committed an

offense." Mass. R. Crim. P. 3 (g), as appearing in 442 Mass. 1502 (2004). A judge need not be involved in this process; clerks-magistrate can issue criminal complaints. See G. L. c. 218, § 33; Dist./Mun. Cts. R. Crim. P. 2 (LexisNexis 2012-2013).

In light of these distinctions, and employing familiar canons of statutory interpretation, where the Legislature has specifically provided that an indictment must be found and filed for purposes of framing the time within which a specified criminal charge must be brought, the filing of a complaint will not toll a statute of limitations.

That said, we note that the sixth sentence of § 63, which provides a six-year statute of limitations "for any other crime," does not use the word "complaint." See G. L. c. 277, § 63 ("An indictment for any other crime shall be found and filed within [six] years after such crime has been committed"). The Appeals Court, in *Commonwealth* v. *Northern Telecom, Inc.*, 25 Mass. App. Ct. 255, 257 (1988), concluded that a complaint charging an offense "for which no other statute of limitations is prescribed" could be brought under this provision, and would toll the six-year statute of limitations.[9]

Unlike every other provision within § 63, which identifies the specific offenses to which a statute of limitations is applicable, the sixth sentence does not list offenses to which it applies because it is intended as a catch-all provision. We therefore agree that the catch-all provision may sensibly be read to apply to complaints as well as to indictments. See *Champigny* v. *Commonwealth*, 422 Mass. 249, 251 (1996), quoting *Lehan* v. *North Main St. Garage, Inc.*, 312 Mass. 547, 550 (1942) ("If a liberal, even if not literally exact, interpretation of certain words is necessary to accomplish the purpose indicated by the words as a whole, such interpretation is to be adopted rather than one which will defeat that purpose"). To conclude otherwise would produce the absurd result of providing for no statute of limitations for any offense as to which the District Court has concur-

---

[9]Dictum in *Commonwealth* v. *Dixon*, 458 Mass. 446, 455 n.20 (2010), is not to the contrary, to the extent that it references the catch-all provision § 63 as applicable also to the issuance of a criminal complaint. The case cites *Commonwealth* v. *Northern Telecom, Inc.*, 25 Mass. App. Ct. 255, 257 (1988), for the proposition that the reference to an indictment in the statute "equally applies to the issuance of a criminal complaint."

rent jurisdiction.[10] "A literal construction of statutory language will not be adopted when such a construction will lead to an absurd and unreasonable conclusion, and the language to be construed 'is fairly susceptible to a construction that would lead to a logical and sensible result.' " *Commonwealth* v. *George*, 430 Mass. 276, 280 (1999), quoting *Lexington* v. *Bedford*, 378 Mass. 562, 570 (1979).

2. *Effect of G. L. c. 277, § 79.* The Commonwealth urges that a different interpretation of § 63 is required when that statute is considered in connection with G. L. c. 277, § 79 (§ 79). Section 79 states: "The provisions of this chapter, and the forms hereto annexed, shall apply as well to complaints as to indictments . . . ." The Commonwealth argues that § 79 injects ambiguity into the otherwise plain text of § 63, because § 79 may be read to require the substitution of "complaint" for "indictment" throughout § 63, whenever appropriate. Cf. 2A N.J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction § 46:4, at 188-189 (7th ed. 2007) ("Even when a statute appears unambiguous on its face it can be rendered ambiguous by its interaction with and its relation to other statutes"). Indeed, the Commonwealth argues that such an interpretation is the only means by which to avoid the absurd result that most misdemeanors would not be subject to any statute of limitations if the word "complaint" could not be substituted for the word "indictment," because, as noted, the catch-all six-year statute of limitations set forth in § 63 refers only to "indictment."

We are satisfied that our reading of § 63, and our approach to avoiding the absurd result noted by the Commonwealth, conforms with the Legislature's intent as expressed in the plain language of the first five sentences of § 63. See *Champigny* v.

[10]The catch-all statute of limitations, first enacted in 1836, has not been substantially altered since that date. See Rev. St. 1836, c. 136, § 16 ("An indictment for the crime of murder may be found at any period, after the death of the person alleged to have been murdered; all other indictments shall be found and filed within six years after the commission of the offence . . ."). Based on the notes of the commissioners appointed to revise the statutes at that time, it appears that this provision was intended to be "a limitation of all criminal prosecutions, except for the crime of murder." 4 Report of the Commissioners Appointed to Revise the General Statutes of the Commonwealth 53 (1834).

*Commonwealth, supra.* We do not agree that the word "complaint" may be substituted for the word "indictment" whenever that word appears in G. L. c. 277.[11] Although we recognize that some tension exists between the language of § 79 and that of § 63, any "uncertainty that results from a literal reading of the statute is to be resolved in favor of the defendant." *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978). See *United States* v. *Habig*, 390 U.S. 222, 227 (1968), quoting *United States* v. *Scharton*, 285 U.S. 518, 522 (1932) (criminal statutes of limitations are "liberally interpreted in favor of repose").

"Criminal statutes are to be construed strictly against the Commonwealth and in favor of the defendant, under the premise that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.' " *Commonwealth* v. *McLaughlin*, 431 Mass. 241, 250 (2000), quoting *Commonwealth* v. *Ruiz*, 426 Mass. 391, 394 (1998).[12] Based on the language of § 63, and construing the statute of limitations

---

[11] In 2006, when the Legislature rewrote § 63 in its entirety, see St. 2006, c. 303, § 9, it was against the backdrop of G. L. c. 277, § 79. See G. L. c. 277, § 79, as amended through St. 1980, c. 459, § 9. Even though G. L. c. 277, § 79, was in force before the 2006 revisions to § 63, the Legislature used the phrase "indictment or complaint" in the statute of limitations covering crimes within the concurrent jurisdiction of the District Court, and "indictment" in the statutes of limitations covering only crimes within the exclusive jurisdiction of the Superior Court. We assume that the Legislature was aware of existing statutes when it enacted § 63, see *Commonwealth* v. *Callahan*, 440 Mass. 436, 440-441 (2003), and that it therefore did not intend to alter its careful delineations between complaint and indictment by operation of G. L. c. 277, § 79.

[12] As Justice Black said, writing for the majority in *Toussie* v. *United States*, 397 U.S. 112, 114-115 (1970), quoting *United States* v. *Habig*, 390 U.S. 222, 227 (1968):

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the [L]egislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, we have stated before 'the principle that criminal limitations statutes are "to be liberally interpreted in favor of repose . . . ." ' "

for armed robbery in favor of repose, we conclude that § 63 requires the filing of an indictment to toll the statute of limitations as to that offense.

*Judgment affirmed.*