The defendant, Tyrone Garden, was accused of raping a woman on September 18, 1991, and the Commonwealth obtained a complaint in District Court charging the defendant with aggravated rape, G. L. c. 265, § 22(a ), on September 11, 2006. However, the indictment did not issue until April 19, 2007-seven months after the applicable limitation period had expired. See G. L. c. 277, § 63.
Prior to trial, the defendant unsuccessfully moved to dismiss the indictment on the grounds that the issuance of a complaint did not toll the limitations period. The defendant's subsequent request to proceed by way of an interlocutory appeal of this ruling was also unsuccessful. In denying the request, a single justice of the Supreme Judicial Court indicated that, in the event of a conviction after trial, the defendant could raise the issue in his direct appeal. However, on the eve of trial, the defendant entered a guilty plea-waiving his right to pursue an appeal of the orders on all pretrial motions.
At that time, the same statute of limitations issue that the defendant had raised in his motion to dismiss was pending before the Supreme Judicial Court in an unrelated case, Commonwealth v. Perella, 464 Mass. 274 (2013) (Perella ). Eventually (approximately eight months after the defendant's plea), the Supreme Judicial Court decided Perella in a manner that favored the defendant's interpretation. Id. at 283-284.
The defendant thereafter sought to vacate his guilty plea by way of a motion for a new trial. Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). In his motion, the defendant argued that, where he had raised the statute of limitations issue, justice was not served by his guilty plea to a crime for which the limitations period had run. Alternatively, the defendant argued that his counsel was ineffective because he failed to investigate and advise him of the fact that the issue he litigated was pending in the Supreme Judicial Court and did not, on the basis of the pending issue, move to continue his trial. The motion judge (who was also the plea judge) denied the defendant's motion, indicating that, given the age of the case, he would not have granted a continuance of the trial. This appeal followed, and we affirm.
Discussion. We review the denial of a motion to withdraw a guilty plea to determine whether there has been an abuse of discretion or other error of law. See Commonwealth v. Lastowski, 478 Mass. 572, 575 (2018).
1. Rule 30(b). The defendant first contends that a new trial is warranted because Perella decided in his favor that the statute of limitations had run on the indictment to which he pleaded guilty. Id. at 283-284. While we agree the indictment in the defendant's case fell outside the limitation period of "within [fifteen] years of the date of commission of [the] offense," set forth in G. L. c. 277, § 63, the claim does not warrant a new trial.
The defendant's guilty plea to the indictment "waive[d] all nonjurisdictional defects in the proceedings prior to the entry of the guilty plea," Commonwealth v. Berrios, 84 Mass. App. Ct. 521, 524 (2013), quoting from Commonwealth v. Fanelli, 412 Mass. 497, 500 (1997), and a violation of the statute of limitations is a nonjurisdictional defect. See Commonwealth v. Bougas, 59 Mass. App. Ct. 368, 372 (2003), quoting from Smith, Criminal Practice and Procedure § 1321 (2d ed. 1983 & Supp. 2002).
Furthermore, we are not persuaded by the defendant's assertion that his guilty plea to a defective indictment created an injustice. The evidence of the defendant's guilt, which included DNA evidence linking the defendant to the rape was overwhelming, and thus his challenge to the timeliness of the prosecution, unlike some other evidentiary type challenges, did not undermine the "integrity of [the] verdict" here. Commonwealth v. Pring-Wilson, 448 Mass. 718, 736 (2007). We perceive no error.
2. Ineffective assistance. The defendant also argues that plea counsel, who did not advise him about the posture of Perella or, in the alternative, move for a continuation of the trial on the basis of Perella, rendered ineffective of counsel. We are not persuaded.
To prove ineffective assistance of counsel, the defendant must show "[1] serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer-and, [2] ... [that] it has likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant's assertion fails on both prongs of this bipartite analysis.
This case is controlled in all material respects by the holding in Commonwealth v. Boria, 460 Mass. 249 (2011), which raised a similar challenge to counsel's failure to seek a continuance pending the outcome of an issue on appeal in an unrelated case. There, the court was not persuaded that the failure to seek what would have been a lengthy stay of the proceedings on the "chance that an issue may be decided to the defendant's advantage, constitutes ineffective assistance of counsel," id. at 253-254, and neither are we.
Furthermore, when a defendant challenges his counsel's failure to file a motion, "the proper question is whether filing of the motion 'might have accomplished something material for the defense,' " Commonwealth v. Lally, 473 Mass. 693, 703 n.10 (2016), quoting from Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977), but a request for a continuance would have been futile here. The motion judge, who was also the plea judge, clearly indicated that, given the age of the case, he was not granting any continuances, and the judge would have been well within his discretion to do so. Commonwealth v. Burston, 77 Mass. App. Ct. 411, 417 (2010).
The defendant's challenge to counsel's performance also fails on the prejudice prong, as the defendant obtained a favorable disposition in the face of an overwhelmingly strong case for the Commonwealth. See Commonwealth v. Pike, 53 Mass. App. Ct. 757, 763 (2002) (no prejudice when defendant received more favorable disposition under plea agreement than he likely would have received after trial). We perceive no prejudice.
Order denying motion to withdraw guilty plea affirmed.