NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12821

TYRONE GARDEN  vs.  COMMONWEALTH.

April 22, 2020.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Tyrone Garden, appeals from a judgment of a
single justice of this court denying his petition for
extraordinary relief under G. L. c. 211, § 3.  In substance,
Garden sought an order from the single justice vacating his 2012
plea to aggravated rape and dismissing the underlying
indictment, which was obtained after the expiration of the
applicable statute of limitations.  We affirm.

The issues raised by Garden have all been raised and
adjudicated through the normal appellate process.  Garden filed
a motion to withdraw his guilty plea in the Superior Court in
2017, on the same grounds raised here.  The motion was denied,
and the defendant appealed.  The Appeals Court affirmed the
denial.  See Commonwealth v. Garden, 93 Mass. App. Ct. 1108
(2018), cert. denied, 139 S. Ct. 1365 (2019).  This court denied
further appellate review.  Commonwealth v. Garden, 480 Mass.
1107 (2018).  It is well established that this court's
superintendence power is not available as an additional layer of
appellate review once all other avenues have been exhausted.
See Tavares v. Commonwealth, 481 Mass. 1044, 1045 (2019); Fort
v. Commonwealth, 455 Mass. 1006, 1007 (2009); Votta v. Police
Dep't of Billerica, 444 Mass. 1001, 1001 (2005).  "Our general
superintendence power cannot be invoked simply to get another
bite of the apple."  Votta v. Commonwealth, 444 Mass. 1001, 1001
(2005).[1]

---

[1] Garden also raised the statute of limitations issue in a
prior petition pursuant to G. L. c. 211, § 3, filed in an

The single justice did not err or abuse his discretion in denying relief.

*Judgment affirmed.*

<u>Tyrone Gardner</u>, pro se.
<u>Ellyn H. Lazar</u>, Assistant District Attorney, for the Commonwealth.

---

attempt to obtain interlocutory review of the denial of his motion to dismiss the indictment in Superior Court.  We affirmed the denial of that petition on the ground that Garden's claims could be raised and decided during the ordinary course of trial and appeal.  <u>Garden</u> v. <u>Commonwealth</u>, 460 Mass. 1018, 1019 (2011).  To the extent the present petition can be viewed as a motion for reconsideration of that decision, the single justice was well within his discretion to deny it, as it was filed over seven years after the issuance of that opinion.