COMMONWEALTH *vs.* JAMES K. DAVIE
(and two companion cases[1]).

No. 97-P-1814.

Middlesex. September 15, 1998. - December 15, 1998.

Present: ARMSTRONG, DREBEN, & JACOBS, JJ.

*Controlled Substances. Statute,* Construction. *Due Process of Law,* Vagueness
of statute. *Words,* "Park."

The word "park" as used in G. L. c. 94C, § 32J, is sufficiently clear to permit
persons of average intelligence to comprehend where criminal conduct is
prohibited, and the statute is not void for vagueness. [27-29]

COMPLAINTS received and sworn to in the Malden Division of
the District Court Department, one on October 20, 1995, and
two on October 23, 1995, respectively.

Motions to dismiss were heard by *Paul J. Cavanaugh,* J., and
a question of law was reported by him.

*Daniel K. Sherwood* for James K. Davie.

*Yefim Luvish* for Alesha Bannen.

*David Hadas* (*Melissa J. Weisgold,* Assistant District At-
torney, with him) for the Commonwealth.

JACOBS, J. Complaints filed in the District Court in 1995
charged the defendants with distribution of marijuana, G. L.
c. 94C, § 32C, and also a violation of G. L. c. 94C, § 32J,[2]

---

[1]One against James K. Davie and one against Alesha Bannen. While the
criminal complaint carries the spelling "Bannon," we will adopt the spelling
used by the parties in their briefs.

[2]The statute provides in pertinent part: "Any person who violates the provi-
sions of section thirty-two, thirty-two A, thirty-two B, thirty-two C, thirty-two
D, thirty-two E, thirty-two F or thirty-two I while in or on, or within one
thousand feet of the real property comprising a public or private elementary,
vocational, or secondary school whether or not in session, *or within one
hundred feet of a public park or playground* shall be punished . . . ." The
italicized language was inserted by St. 1993, c. 335.

because the former offenses are alleged as having occurred within 100 feet of a public park in Malden. These charges arose from the execution of a search warrant by Malden police in an apartment building located on land abutting Bell Rock Memorial Park. One boundary of the park is alleged to be less than 100 feet from the rear edge of the building. The defendants sought to dismiss the counts under G. L. c. 94C, § 32J, asserting that the statute is unconstitutionally vague because it does not sufficiently define "public park or playground." The judge held an evidentiary hearing,[3] denied the motions to dismiss, and reported the constitutional question to us pursuant to Mass.R-.Crim.P. 34, 378 Mass. 905 (1979).[4]

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender* v. *Lawson*, 461 U.S. 352, 357 (1983). The defendants essentially contend "that the statute contains no standards and thus, . . . does not provide sufficient notice to satisfy due process requirements."

---

[3]The judge's special findings of facts, made after the hearing, are not relevant to our determination whether the statute is unconstitutionally vague. We summarize them to provide a factual background. The judge describes Bell Rock Memorial Park as being seventy to eighty yards in width (and there was unchallenged testimony that its approximate length is 100 yards). It abuts three public ways, and has park benches, grassy areas, a Civil War monument, and a flag pole. In addition to its purpose "for people to pay homage to the heroes for whom it is dedicated," it also "is used by the public for walking, sitting on the benches and grass, enjoying open space and playing nonorganized games." It is maintained by the public works and recreation departments of the city of Malden.

[4]Rule 34 provides that, prior to trial, where "a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein." A parenthetical heading of rule 34 and the reporter's notes state that the rule is applicable to the Superior Court and to District Court jury sessions. Our record does not indicate whether the defendants have elected a jury trial. In any event, District Court judges sitting in nonjury sessions were given the power to report questions of law to the Appeals Court by St. 1992, c. 379, § 139, amending G. L. c. 218, § 26A, and effective for cases commenced after January 1, 1994. See St. 1993, c. 12, § 9. See also *Commonwealth* v. *Doe*, 420 Mass. 142, 145-146 & n.3 (1995).

[5]The vagueness asserted in this case does not implicate the overbreadth doctrine because G. L. c. 94C, § 32J, is not the kind of statute that "appears

*Commonwealth v. Bohmer*, 374 Mass. 368, 371 n.6 (1978).[5] "[T]he question is whether the statute, or, more closely, the particular words objected to, identify for citizens and law enforcement authorities a core of condemned conduct." *Commonwealth* v. *Love*, 26 Mass. App. Ct. 541, 545 (1988), and cases cited.[6]

Initially, we reject the defendants' argument, made without benefit of citation to authority or legislative history, that the statute, notwithstanding its use of the disjunctive between the words "park" and "playground," should be read conjunctively to mean parks which contain playgrounds for children. "The word 'or' is given a disjunctive meaning unless the context and the main purpose of all the words demand otherwise." *Nuclear Metals, Inc.* v. *Low-Level Radioactive Waste Mgmt. Bd.*, 421 Mass. 196, 212 (1995), quoting from *Eastern Mass. St. Ry.* v. *Massachusetts Bay Transp. Authy.*, 350 Mass. 340, 343 (1966). See generally 1A Sutherland Statutory Construction § 21.14 (5th ed. 1992 & Supp. 1998). See also G. L. c. 45, §§ 1 and 14, distinguishing between parks and playgrounds. Here, the use of the disjunctive "or" unambiguously serves to distinguish places in or near which an offense may be committed under the statute.

"The void for vagueness doctrine requires that criminal statutes be defined in terms that are sufficiently clear to permit a person of average intelligence to comprehend what conduct is prohibited . . . . The use of general terms in a statute will not

to trench on First Amendment (or similar) rights." *Commonwealth* v. *Love*, 26 Mass. App. Ct. 541, 545 (1988).

[6]Because the challenge here is not to the application of the statute, it was unnecessary for the judge in this case to take evidence at a hearing and make special findings describing Bell Rock Memorial Park. "[A]ppropriate action on the motion[s] [to dismiss] based on the vagueness of the statute as applied depends on the evidence presented at trial." *Commonwealth* v. *Kwiatkowski*, 418 Mass. 543, 545 (1994). "Generally, a challenge to the constitutionality of a statute *as applied* should be preserved in a motion for a required finding of not guilty under Mass. R. Crim. P. 25, as amended, 389 Mass. 1107 (1983). See *Commonwealth* v. *Jasmin*, 396 Mass. 653, 655 (1986) ('a challenge to . . . a statute as applied might properly be raised before trial, but it need not be raised until the Commonwealth has presented its evidence showing the circumstances in which the statute would be applied to a defendant') (emphasis original)." *Commonwealth* v. *Oakes*, 407 Mass. 92, 94 (1990). Thus, any consideration of the defendants' conduct in relation to Bell Rock Memorial Park must await trial. See *Commonwealth* v. *Love*, 26 Mass. App. Ct. at 545 ("[T]he question is . . . whether this case, as it shaped up, appears to be within the core [of condemned conduct]: the inquiry is contextual"). See generally Smith, Criminal Practice & Procedure §§ 6, 2212, & 2213 (2d ed. 1983 & Supp. 1998).

make it constitutionally inadequate." *Commonwealth* v. *Spano*, 414 Mass. 178, 180 (1993) (citations omitted). We look to whether the word "park" would permit a person of average intelligence to know what the statute proscribes.[7] In the absence of a statutory definition of "park," we first look to the usual and accepted meaning of that word. We derive such meaning "from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977). See 2A Sutherland Statutory Construction, *supra* at § 46.04.

Dictionary definitions of the word "park" include the following: "[A] tract of land maintained by a city or town as a place of beauty or of public recreation." Webster's Third New Intl. Dictionary 1642 (1993 ed.). "[A]n area of land set aside for public use, as: . . . a piece of land with few or no buildings within . . . a town, maintained for recreational and ornamental purposes. . . . A landscaped city square." The American Heritage Dictionary 1316 (3d ed. 1992). "[A]n inclosed pleasure-ground in . . . a city, set apart for the recreation of the public." Black's Law Dictionary 1116 (6th ed. 1990). See *State* v. *Lopez*, 207 Wis. 2d 413 (Ct. App. 1996) (applying recognized dictionary definition for word "park" not defined in statute enhancing penalty for drug trafficking).

We next look to the definitions and meanings given to "park" in other legal contexts such as case law and statutes. "[T]he term 'park' usually signifies an open or inclosed tract of land set apart for the recreation and enjoyment of the public; or, 'in the general acceptance of the term, a public park is said to be a tract of land, great or small, dedicated and maintained for the purposes of pleasure, exercise, amusement, or ornament; a place to which the public at large may resort to for recreation, air, and light.' " *Cohen* v. *Lynn*, 33 Mass. App. Ct. 271, 278 (1992), quoting from *Salem* v. *Attorney Gen.*, 344 Mass. 626, 630 (1962). Also, G. L. c. 45, § 1, as inserted by St. 1967, c. 790, § 1, defines park as including "a city or town common dedicated to the use of the public." Viewing the word "park" in the context of one of the apparent purposes of § 32J, that of discouraging distribution of illegal drugs near children, see

---

[7]We are aware of no appellate decision directly interpreting the meaning of public park or playground as these terms are used in § 32J. Compare *Commonwealth* v. *Burke*, 44 Mass. App. Ct. 76, 78-79 (1997) (applying dictionary definitions of "elementary school," not otherwise defined in § 32J).

*Commonwealth* v. *Taylor*, 413 Mass. 243, 250 (1992), the invitation to public recreation inherent in these common definitions of "park" suggests the likelihood of the presence of children. See *Commonwealth* v. *One 1987 Mercury Cougar Auto.*, 413 Mass. 534, 537-538 (1992) (interpretations of statutory language must remain faithful to the purpose of the statute). In sum, notwithstanding that there may be no precise definition of "park," see *Cohen* v. *Lynn, supra,* its use in G. L. c. 94C, § 32J, does not result in vagueness because the statute sets forth a "comprehensible normative standard so that [persons] of common intelligence will know its meaning." *Commonwealth* v. *Gallant,* 373 Mass. 577, 580 (1977), quoting from *Commonwealth* v. *Orlando,* 371 Mass. 732, 734 (1977).

We conclude that the word "park" as used in § 32J is "sufficiently clear to permit a person of average intelligence to comprehend what conduct is [made criminal]," *Commonwealth* v. *Spano,* 414 Mass. at 180, without guesswork or speculation. Moreover, we perceive no vagueness such as would likely lead to arbitrary and discriminatory enforcement. See *Commonwealth* v. *Gallant, supra.* See also *Opinion of the Justices,* 378 Mass. 822, 826-827 (1979). Treating the reported question as raising the issue of the correctness of the judge's rulings on the motions to dismiss, see *Commonwealth* v. *Wilkinson,* 415 Mass. 402, 403 (1993), we affirm the denials of these motions.

*So ordered.*