## COMMONWEALTH *vs.* JOHN C. THOMAS, JR.

No. 07-P-555.

Plymouth. January 9, 2008. - March 3, 2008.

Present: RAPOZA, C.J., GRASSO, & COWIN, JJ.

*Controlled Substances. "School Zone" Statute. Statute,* Construction. *Practice, Criminal,* Instructions to jury.

A District Court judge properly denied the defendant's motion for a required finding of not guilty on a charge of distributing a class B substance in a school zone in violation of G. L. c. 94C, § 32J, where that statute did not require proof that the relevant school, a public preschool, was accredited. [324-325]

At the trial of a charge of distributing a class B substance in a school zone in violation of G. L. c. 94C, § 32J, no substantial risk of a miscarriage of justice arose from the District Court judge's slip in instructing the jury that the Commonwealth had to prove that the offense was committed within 1,000 feet of a public elementary school, although the school in question was in fact a public preschool, where the statute applied equally to public preschools and public elementary schools, and where the jury got the point. [325-326]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on November 7, 2005.

The case was tried before *Julie J. Bernard,* J.

*Jennifer H. O'Brien* for the defendant.

*Audrey Anderson Kachour,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant was convicted by a District Court jury of distributing a class B substance, see G. L. c. 94C, § 32A, and of doing so in a "school zone," see G. L. c. 94C, § 32J.[1] He appeals only from the school zone conviction. He argues that (1) his motion for a required finding of not guilty should

---

[1]Prior to trial, the Commonwealth dismissed a charge of conspiracy to violate a drug law, see G. L. c. 94C, § 40.

have been allowed because there was insufficient evidence that the preschool near which the drugs were distributed was accredited; and (2) the judge's instruction regarding distribution in a school zone was erroneous. The provision of G. L. c. 94C, § 32J, regarding accreditation has not been construed with respect to the contention advanced by the defendant. However, we are not persuaded by his interpretation of that provision, and accordingly affirm.

1. *Sufficiency of the evidence.* There was testimony that the drug sale in question took place within 1,000 feet of the Keith School, a public prekindergarten and kindergarten in Brockton that serves approximately 300 students between the ages of four and six. A representative of the Brockton school department testified in response to a question whether the Keith School was accredited: "I believe it is. I'm not positive though." There was no other evidence regarding the school's accreditation or lack thereof. The defendant asserts that such testimony is insufficient to warrant a finding that the school was an accredited preschool for the purposes of G. L. c. 94C, § 32J.

We agree that the challenged testimony could not support a finding that the school was accredited. We do not see how the witness's statement, couched in terms of a belief about which he was not positive, can be viewed as anything more than speculation.[2] See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), quoting from *Commonwealth* v. *Cooper*, 264 Mass. 368, 373 (1928) (evidence must be "of sufficient force to bring minds of ordinary intelligence and sagacity to . . . persuasion . . . beyond a reasonable doubt"). This, however, does not end the analysis, for we do not construe the relevant statute as requiring such proof.

Prior to 1998, G. L. c. 94C, § 32J, as inserted by St. 1989, c. 227, § 2, provided in relevant part that "[a]ny person who violates the provisions of [certain drug statutes] while in or on, or within one thousand feet of the real property comprising a public or private elementary, vocational, or secondary school . . . shall be punished" by imposition of not less than a prescribed minimum sentence. By the time of the present case, the

---

[2]Even this presupposes that there was an adequate foundation that demonstrated that the witness had knowledge regarding the subject matter.

statute had been amended to expand the category of protected institutions by adding references to accredited preschools and accredited headstart facilities, so that the zone of protection is now defined as "in or on, or within one thousand feet of the real property comprising *a public or private accredited preschool, accredited headstart facility, elementary, vocational, or secondary school.*" See St. 1998, c. 194, § 146, effective July 1, 1998 (emphasis supplied). It is the defendant's position that, for the statute to operate with respect to any preschool, there must be evidence that that preschool is accredited. We do not read the statute as creating so broad a requirement.

The pre-1998 version of § 32J described the zone of protection with respect to school property only in terms of public or private elementary, vocational, or secondary schools. Such schools were not otherwise defined, and "accreditation," or lack thereof, was not an issue. Accreditation became a factor only in 1998 when preschools and headstart facilities were added to elementary, vocational, and secondary schools as protected institutions. It was also at that point that the Legislature adopted the term "accredited" as a modifier applicable, in our view, to those newly added facilities that were *private* in nature. This appears not only from the placement of the term "accredited" in the amended statute, but also from a recognition that *public* facilities had been included within the zone of protection without the requirement of separate accreditation from the time of the statute's adoption in 1989. See St. 1989, c. 227, § 2.[3] The 1998 amendment was intended to expand the reach of the statute, not restrict it. There being no dispute that the Keith School was, at the time of the offense, both public and a preschool, an additional showing that it was accredited was not required.

2. *Instructions.* The judge instructed on the school zone charge that the Commonwealth must prove "that the offense was committed within one thousand feet of the grounds of a *public, public school*" (emphasis supplied). She subsequently reiterated the point by stating that the Commonwealth must prove "that

[3]We assume that this reflects the Legislature's conclusion that, if a facility is part of a public school system, it is to be placed within the zone of protection regardless of the quality of the institution.

the offense was committed within one thousand feet of a *public elementary school*" (emphasis supplied). The defendant argues that the instructions were erroneous because they omitted the requirement that there be proof that the school was accredited, and because there was no evidence that the Keith School was in fact an elementary school. There having been no objection at trial to the instructions, the defendant concedes that he is entitled to a reversal only if an error brought about a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967).

For the reasons stated in part 1, *supra*, accreditation of a public preschool is not a requirement, and consequently the judge correctly omitted it as an element that the Commonwealth had to prove. The defendant points out correctly that the judge misspoke in referring to the Keith School as an elementary school when the evidence showed that it was a preschool. Acknowledging that the term "elementary school" may not encompass a "preschool," the judge's slip could not have created a substantial risk of a miscarriage of justice. The statute applies equally to public preschools and public elementary schools; the evidence warranted a finding that the Keith School is a public preschool; and the jury got the point.

*Judgment affirmed.*