NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-959                                      Appeals Court

COMMONWEALTH  vs.  CHRISTOPHER L. GOPAUL.


No. 13-P-959.

Middlesex.     October 16, 2014. - December 2, 2014.

Present:  Berry, Hanlon, & Carhart, JJ.


Controlled Substances.  "School Zone" Statute.  Statute,
     Construction.



     Complaint received and sworn to in the Marlborough Division
of the District Court Department on January 12, 2012.

     The case was reported by Robert G. Harbour, J.


     S. Anders Smith for the defendant.
     Jennifer Bernazzani (Kevin J. Curtin, Assistant District
Attorney, with her) for the Commonwealth.


     CARHART, J.  This case was reported to us by a District

Court judge after the judge denied a motion by the defendant

Christopher Gopaul to dismiss one count of a fourteen-count

criminal complaint against him.  The count alleges that the

defendant sold marijuana within one hundred feet of a "public

park or playground" within the meaning of G. L. c. 94C, § 32J,

as amended by St. 1993, c. 335.  The issues presented are whether § 32J applies only to "public" playgrounds and whether that category excludes playgrounds located on private property, even if accessible to members of the public.

Background.  The following facts are agreed upon for purposes of the reported questions:

> "On October 28, 2011, the defendant is alleged to have sold marijuana to an undercover officer.  The sale is alleged to have taken place within 100 feet of the outdoor playground at the Windsor Meadows Apartment Complex, a private apartment complex, located at 135 Broadmeadow Street, Marlborough, Massachusetts. . . .  The playground has a fence that does not completely surround it and thus anyone can enter the playground without needing to open any gate or door. . . .  There are no signs regarding who may access the playground.  Among other play structures, there is a slide, climbing structure, and swing set with four swings within the playground."

After the defendant was arrested and the complaint issued, the defendant moved to dismiss one count alleging violation of § 32J, on the basis that the playground at the Windsor Meadows Apartment Complex is not "public."[1]  After a hearing, the judge denied the motion, ruling "that the law was clearly intended to protect children and the word "playground" should not be so narrowly construed to only include playgrounds open to the

---

[1] In their briefs, both parties state that the defendant's motion to dismiss also applied to a second count under § 32J, one involving Vicodin on a different date.  However, the motion included in the record appendix refers only to the marijuana-related count and the agreed statement of facts refers only to marijuana.  We need not resolve the disparity.  For discussion purposes we refer only to the marijuana-related charge.

general public but should and does include playgrounds where children [play on private property]." The judge then agreed to report the following questions:

"1. With reference to the phrase 'public park or playground' in G. L. c. 94C, § 32J, does the word public modify both park and playground?

"2. Is it within the purview of G. L. c. 94C, § 32J, if the incident occurs within 100 feet of a playground on private property?"

Discussion. "If, prior to trial, . . . a question of law arises which the trial judge determines is so important or doubtful as to require the decision of the Appeals Court, the judge may report the case so far as necessary to present the question of law arising therein." Mass.R.Crim.P. 34, as amended, 442 Mass. 1501 (2004). Whether to report a question is within the judge's discretion. Commonwealth v. Eagleton, 402 Mass. 199, 208 (1988). Reported questions are appropriate for appellate court review only where, as here, "it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing." Commonwealth v. Henry's Drywall Co., 362 Mass. 552, 557 (1972), quoting from John Gilbert Jr. Co. v. C.M. Fauci Co., 309 Mass. 271, 273 (1941).

1. The first question in this case is whether § 32J applies only to playgrounds that are "public" within the meaning

of the statute.  The defendant argues that it does, asserting that the word "public" should be read to modify both "park" and "playground."  The Commonwealth contends that because the word "public" directly precedes only the word "park," the statute applies to any playground, public or private.

"As with all matters of statutory interpretation, we look first to the plain meaning of the statutory language." Commonwealth v. Mogelinski, 466 Mass. 627, 633 (2013).  See Commonwealth v. Daley, 463 Mass. 620, 624 (2012) ("The ordinary language of the sentence guides our interpretation").  "[W]here the language of a statute is plain and unambiguous, it is conclusive as to legislative intent."  Thurdin v. SEI Boston, LLC, 452 Mass. 436, 444 (2008).  On the other hand, where ambiguity exists in a criminal statute we must resolve it in favor of the accused.  See Commonwealth v. Hamilton, 459 Mass. 422, 436-437 (2011), and cases cited.

The applicable version of § 32J requires an automatic from and after sentence when a person commits any of certain drug offenses

> "while in or on, or within one thousand feet of the real property comprising a public or private accredited preschool, accredited headstart facility, elementary, vocational, or secondary school whether or not in session, or within one hundred feet of a public park or playground . . ." (emphasis supplied).

G. L. c. 94C, § 32J, as amended through St. 1998, c. 194, § 146.[2] The statute contains no definitions for the operative terms. No Massachusetts appellate opinion has decided whether the final quoted phrase of § 32J applies to a private playground, and the only case we have found touching on this part of the statute dealt with its constitutionality. See Commonwealth v. Davie, 46 Mass. App. Ct. 25 (1998). In Davie, we were asked to decide whether the word "park" is void for vagueness and, in response to a defense argument that the statute applied only to parks which contain playgrounds, we held that "the use of the disjunctive 'or' [between the words 'park' and 'playground'] unambiguously serves to distinguish places in or near which an offense may be committed under the statute." Id. at 27. We were not asked in that case to interpret the full language at issue here; rather, "[w]e look[ed] to whether the word 'park' would permit a person of average intelligence to know what the statute proscribes." Id. at 28.

Here, we must interpret the statute to decide whether the Legislature intended it to apply only to "public" playgrounds. "In the absence of specific precedent on the meaning of a word or phrase in a statute, we are guided by accepted principles of construction." Commonwealth v. Baker, 368 Mass. 58, 68 (1975).

---

[2] The crimes alleged in this case predate St. 2012, c. 192, §§ 30, 31, which amended the quoted language of § 32J in ways not relevant to the issues before us.

"As a matter of statutory construction, 'ordinarily the coupling of words denotes an intention that they should be understood in the same general sense.'" Commonwealth v. Hamilton, 459 Mass. at 432, quoting from 2A Singer, Sutherland Statutory Construction § 47:16, at 352-353 (7th ed. 2007). Additionally, "[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Id. at 432 n.12, quoting from 2A Singer, Sutherland Statutory Construction § 47:17, at 358-360 (7th ed. 2007).

Another principle of statutory construction "leads us to relate the words in question to the associated words and phrases in the statutory context." Commonwealth v. Baker, supra. We must "construe the various provisions of a statute in harmony with one another, recognizing that the Legislature did not intend internal contradiction." DiFiore v. American Airlines, Inc., 454 Mass. 486, 491 (2009). In § 32J, the phrase "or within one hundred feet of a public park or playground" follows language applying the statute to "real property comprising a public or private accredited preschool, accredited headstart facility, elementary, vocational, or secondary school." We have held previously that the word "accredited" applies only to private preschools and private headstart facilities, because

public institutions had been covered by the statute since its 1989 enactment. Commonwealth v. Thomas, 71 Mass. App. Ct. 323, 325 (2008). Thus, while the term "accredited" modifies only "private . . . preschool" and "[private] headstart facility," the words "public or private" modify every type of institution listed prior to the phrase at issue here (which tellingly includes the word "public" but omits the word "private").

These considerations lead us to conclude that the general term "playground" must be understood in conjunction with the more specific term "public park." The modifier "public" is not separated by a comma from the word "playground," and the words "public or private" modify every entity listed in the first part of the statute. Accordingly, and as a matter of plain meaning, we interpret the word "public" to modify both "park" and "playground," such that the statute applies only to public playgrounds.

This conclusion is also supported by the fact that "playground," while not defined in c. 94C, is defined in the Federal school zone statute, the precursor and counterpart to § 32J, as follows:

> "any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards" (emphasis supplied).

21 U.S.C. § 860(e)(1) (2012). "When a statute does not define its words we give them their usual and accepted meanings," deriving such meanings "from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." Commonwealth v. Zone Book, Inc., 372 Mass. 366, 369 (1977). See G. L. c. 4, § 6, Third. Moreover, while dictionary definitions of "playground" do not contain a public/private distinction, this court recognizes "that public facilities had been included within the zone of protection [under § 32J] . . . from the time of the statute's adoption" (emphasis supplied). Commonwealth v. Thomas, supra. Finally, "[O]ur respect for the Legislature's considered judgment dictates that we interpret the statute to be sensible, rejecting unreasonable interpretations unless the clear meaning of the language requires such an interpretation," DiFiore v. American Airlines, Inc., 454 Mass. at 490-491, and it would be unreasonable to interpret § 32J to require an automatic minimum two-year sentence for selling drugs within one hundred feet of someone's backyard play area. See Commonwealth v. Vega, 449 Mass. 227, 233 (2007) ("[A] court does not interpret a statute so as to produce an illogical result"). Because § 32J applies only to "public" playgrounds, we answer the first reported question in the affirmative.

2.  We turn briefly to the second reported question, whether the statutory category "public . . . playground" may include a playground located on private property.  According to the Commonwealth, a privately owned playground such as the one in this case may nonetheless be sufficiently open to the public as a factual matter that it should be considered "public" under § 32J.  While plausible, this construction does not flow inevitably from the plain language.  The phrase may as reasonably be read to draw a simple, easily applied distinction between playgrounds owned by public and private parties.  Either result is justifiable as a matter of policy, but it is up to the Legislature to pronounce its judgment clearly on the subject.  Absent that, because we must resolve the ambiguity in the meaning of "public . . . playground" in the defendant's favor, see Commonwealth v. Hamilton, 459 Mass. at 436-437, we conclude that privately owned playgrounds fall outside the scope of § 32J, and we therefore answer the second reported question in the negative.

3.  In conclusion, we answer the first and second reported questions "yes" and "no," respectively.  Furthermore, "[t]reating the reported question[s] as raising the issue of the correctness of the judge's ruling[] on the motion[] to dismiss," we conclude the defendant's motion to dismiss should have been allowed.  Commonwealth v. Davie, 46 Mass. App. Ct. at 29.  We

remand the matter for further proceedings consistent with this opinion.

So ordered.