NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-2000                                      Appeals Court

COMMONWEALTH  vs.  LOUANN WRIGHT.


No. 13-P-2000.

Suffolk.     February 24, 2015. - August 18, 2015.

Present:  Rapoza, C.J., Berry, & Maldonado, JJ.


Practice, Criminal, Venue, Dismissal.  Larceny.  Fraud.  Public
    Welfare, Food stamp benefits.  Department of Transitional
    Assistance.  Transitional Aid for Families with Dependent
    Children.  Statute, Construction.




    Complaint received and sworn in the Central Division of the
Boston Municipal Court Department on June 28, 2012.

    A motion to dismiss was heard by Raymond G. Dougan, Jr., J.


    George Barker, Assistant District Attorney (Helle Sachse,
Assistant District Attorney, with him) for the Commonwealth.
    Claudia Lagos (Dana Alan Curhan with her) for the
defendant.


    MALDONADO, J.  A complaint was brought against the

defendant in the Central Division of the Boston Municipal Court

(Central Division) for one count of larceny over $250 by a

single scheme, G. L. c. 266, § 30, and four counts of public

assistance fraud, G. L. c. 18, § 5B.  These charge the defendant

with attesting to false information on public benefits

applications she submitted to the Department of Transitional

Assistance (department), which resulted, according to the

Commonwealth, in the department's distribution to her of

unwarranted benefits.

The defendant resides in Somerville and applied for

benefits at the department satellite office located in Revere.

Neither the defendant's Somerville residence nor the

department's Revere satellite office is in the city of Boston.

The defendant filed a motion to dismiss in the Central Division

for lack of venue and, following an evidentiary hearing, a judge

allowed the defendant's motion and dismissed the complaint.  The

Commonwealth's appeal followed.  Concluding that venue properly

lies in Boston, where the department "used" the defendant's

purported false statements to calculate her public assistance

award, we reverse.

Background.  We summarize the uncontroverted facts as

alleged in the complaint and presented at the evidentiary

hearing.[1]  In the application for complaint, the Commonwealth's

---

[1] The defendant argues that the determination of her motion
to dismiss for improper venue should be based only on the four
corners of the complaint.  While this is generally true on
review of a challenge to probable cause (see Commonwealth v.
Huggins, 84 Mass. App. Ct. 107, 111 [2013]), a question of venue
is not reserved to consideration of simply the facts contained

investigator reported that the defendant applied for and recertified eligibility for public benefits on at least five separate occasions between 2006 and 2011.[2]  She submitted these forms at a department satellite office located in Revere.

The defendant listed between three and six household members on these forms but did not include her husband.[3]  Nor did she account for his income.  From 2006 to 2011 -- the relevant time frame -- the defendant also filed joint tax returns with her husband in which they reported sharing the same Somerville

_____

within the complaint.  See, e.g., G. L. c. 277, § 57A ("A defendant shall not be discharged for want of jurisdiction if the evidence discloses that the crime with which he is charged was actually committed without the county or the territorial jurisdiction of the court in which he is being tried . . ." [emphasis added]); Commonwealth v. Mannos, 311 Mass. 94, 102-104 (1942) (considering facts alleged outside the indictment as to where an agent may have accepted bribes); Commonwealth v. Libby, 358 Mass. 617, 619 (1971) ("The conflicting evidence warranted the conclusion . . . that the alleged rapes took place in Suffolk County"); Commonwealth v. Baker, 368 Mass. 58, 80 (1975) ("The statements made . . . at the hearing . . . were sufficient to permit the judge to find the facts necessary" to find venue in Middlesex County).

[2] Specifically, the defendant applied for Supplemental Nutrition Assistance Program (SNAP) benefits and Transitional Aid to Families with Dependent Children (TAFDC) benefits in September, 2006, and signed redetermination forms for these benefits in October, 2008, January, 2010, and January, 2011.  She applied for Emergency Aid to the Elderly, Disabled, and Children (EAEDC) benefits in April, 2010, and signed a redetermination form for these benefits in January, 2011.

[3] She recorded four dependents on the 2006 SNAP and TAFDC application, three dependents on the 2008 redetermination forms for those benefits, and five dependents on the 2011 redetermination forms for those benefits.  She also recorded five dependents on the 2011 EAEDC benefit redetermination form.

address the defendant provided in her department submissions. The tax returns for these years also indicate that the husband earned an income of between $47,000 and $61,000, depending on the tax year, through his employment with a towing company. In addition, the husband was enrolled with a private health care insurer for at least five of the six relevant years. In 2012, the Commonwealth's investigator interviewed the defendant in Boston. During that interview, the defendant admitted to living with her husband in Somerville and confirmed his employment with the tow company.

Sarah Stuart, an assistant director at the department, testified that the department's central office, which "oversees and administers all of the [benefits] programs," is located at 600 Washington Street in Boston. The department has satellite offices Statewide, including the one the defendant visited in Revere. However, no benefit determinations are made at these outlying offices. These offices are set up to accept applications for the convenience of the applicants, but eligibility determinations are made via a computerized system called "Beacon," which is located at the department's central office on Washington Street in Boston. Based, in part, on an

applicant's reported household size and income, Beacon calculates the measure of the applicant's benefits entitlement.[4]

Once Beacon determines the applicant's benefits award, the applicant is issued an electronic benefits transfer (EBT) card from the satellite office. The applicant is then able to employ the EBT card to make qualifying purchases. No evidence was presented at the hearing as to the location or locations where the EBT card that issued to the defendant was used.

Discussion. In its argument, the Commonwealth distinguishes venue for the larceny count from that for the public assistance fraud charges. It contends that venue for the larceny charge is governed by G. L. c. 277, § 59, while venue for a public assistance fraud charge is derived from the common law, and, further, that in each instance venue properly lies in Boston for the conduct charged here. We separately consider the appropriateness of venue in Boston for the larceny count and the public assistance fraud charges.[5]

----

[4] The department's central office also responds to all telephone inquiries and online applications for electronic benefits transfer cards.

[5] The Commonwealth also asserts, for the first time on appeal, that the defendant's motion to dismiss did not comply with Mass.R.Crim.P. 13(a)(2), as appearing in 442 Mass. 1516 (2004), because it was not presented in numbered paragraphs and because the affidavit included with the motion was not based on personal knowledge. "For purposes of this opinion, we assume, without deciding, that the requirements of the rule could be waived where, as here, there was an evidentiary hearing at which

1.  <u>Larceny charge venue</u>.  General Laws c. 277, § 59,
applies to the crime of larceny when that larceny is
accomplished by means of a false pretense.[6]  <u>Commonwealth</u> v.
<u>Kiernan</u>, 348 Mass. 29, 53-54 & n.20 (1964), cert. denied sub
nom. <u>Gordon</u> v. <u>Massachusetts</u>, 380 U.S. 913 (1965).  Section 59
establishes venue for larceny by false pretenses as follows:

> "The crime of obtaining money or a personal chattel by a
> false pretence . . . may be alleged to have been committed,

the Commonwealth could present the facts and law relied on in
opposition to the dismissal."  <u>Commonwealth</u> v. <u>Geoghegan</u>, 12
Mass. App. Ct. 575, 576 (1981).

[6] General Laws c. 277, § 59, along with G. L. c. 277, § 58,
govern venue for the crime of larceny under G. L. c. 266, § 30.
<u>Commonwealth</u> v. <u>Kiernan</u>, 348 Mass. 29, 53-54 & n.20 (1964),
cert. denied sub nom. <u>Gordon</u> v. <u>Massachusetts</u>, 380 U.S. 913
(1965).  "The crimes presently included under the general
larceny statute [G. L. c. 266, § 30,] were originally defined by
separate statutes, i.e., simple larceny . . . , embezzlement
. . . , and false pretences . . . .  Correspondingly, there
were, except for simple larceny, separate venue statutes
applicable to each crime . . . .  The three crimes were
subsequently consolidated under a general larceny statute
. . . .  Accordingly, [the venue statute for embezzlement] was
amended . . . to include a general venue provision for all three
crimes under the consolidated larceny statute, instead of
providing only for venue under the crime of embezzlement.  This
amended section has remained unchanged and is now G. L. c. 277,
§ 58.  On the other hand, the venue statute relating to false
pretences . . . , although slightly amended when the
consolidated larceny statute was passed . . . , remained
substantially the same.  It has not been amended since 1902 and
is now G. L. c. 277, § 59.  By not repealing this broad venue
section after having enacted, in effect, a limited venue statute
to govern the new consolidated larceny statute, the Legislature
manifested an intent to have R. L. c. 218, § 48 (now G. L.
c. 277, § 59), continue to govern the crime of larceny by false
pretences even though that crime had been brought under the
consolidated larceny statute."  <u>Id</u>. at 53 n.20.

and may be prosecuted and punished, in any county where the false pretense was made, written or used, or in or through which any of the property obtained was carried, sent, transported or received by the defendant."

The defendant contends that the phrase "by the defendant" appearing at the end of the statute modifies all the verbs preceding it, conferring venue in only those locales where she is alleged to have engaged in the enumerated acts. In other words, she asserts venue exists in only those places where she has "made, written or used" the alleged false pretenses and in those counties in or through which she has "carried, sent, transported or received" the falsely obtained property. The plain reading of the statute dictates otherwise, and leads us to conclude venue is proper where either party "used" the false pretense.[7]

"As with all matters of statutory interpretation, we look first to the plain meaning of the statutory language." Commonwealth v. Gopaul, 86 Mass. App. Ct. 685, 687 (2014), quoting from Commonwealth v. Mogelinski, 466 Mass. 627, 633 (2013). "[W]here the language of a statute is plain and

---

[7] We note that G. L. c. 277, § 59, permits prosecution within the "county" where the events enumerated in the statute occurred. Revere, where the defendant applied in person for benefits, is in Suffolk County. See G. L. c. 218, § 1, as appearing in St. 2003, c. 45, § 1 (listing Revere under the heading "Suffolk"). However, the Commonwealth does not argue that venue lies in the Central Division for this reason, and we therefore do not consider the issue further.

unambiguous, it is conclusive as to legislative intent."
Commonwealth v. Gopaul, supra, quoting from Thurdin v. SEI
Boston, LLC, 452 Mass. 436, 444 (2008).  In interpreting
legislation, we employ familiar canons of statutory and
grammatical interpretation.  See Commonwealth v. Perella, 464
Mass. 274, 281 (2013).

The modifying clause, "by the defendant" (relied upon by
the defendant here), appears after the word "received" in the
second clause of § 59 pertaining to the falsely obtained
property.[8]  The phrase "by the defendant" does not appear at the
end of the first clause pertaining to the allegedly false
statement.  The omission of the modifier after the first clause
is the first indication that the Legislature did not intend for
it to modify any of the verbs in the first clause.  See, e.g.,
Commonwealth v. Perella, supra at 278, quoting from Commonwealth
v. Galvin, 388 Mass. 326, 330 (1983) ("[W]here the Legislature
has employed specific language in one paragraph, but not in
another, the language should not be implied where it is not

---

[8] Section 59 distinguishes between those acts involving the
false pretense from those acts surrounding the falsely obtained
property.  The first clause involves the writing and use of the
false pretense and is separated by a comma and by the interim
phrase, "or in or through which," from the second clause,
involving the carrying, transporting, sending, and receiving of
the falsely obtained property.  See Taylor v. Burke, 69 Mass.
App. Ct. 77, 81 (2007) ("the comma is often used to separate
ideas or elements within a sentence").

present").  Cf. Passatempo v. McMenimen, 461 Mass. 279, 297-298 (2012) (language of second prong for bringing action under G. L. c. 93A, § 9[1], does not limit the first prong).

Furthermore, as a general rule of statutory and grammatical construction, a modifying clause is said to modify only that which immediately precedes it -- here, the word "received."  See Taylor v. Burke, 69 Mass. App. Ct. 77, 81 (2007), quoting from Hopkins v. Hopkins, 287 Mass. 542, 547 (1934) ("The last antecedent rule is a 'general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation'").  This rule of statutory and grammatical construction is a further indication of the Legislature's intent to have the phrase "by the defendant" modify only the last antecedent verb "received."

Lastly, the defendant's cramped view of § 59 is inconsistent with the Legislature's intent to retain it as a "broad venue section [for the crime of larceny by false pretenses] after having enacted, in effect, a limited venue statute to govern [other forms of larceny]."  Commonwealth v. Kiernan, 348 Mass. at 53 n.20.  Accordingly, we conclude § 59 clearly and unambiguously conferred venue in this matter in Boston -- the location of the department's central office, where

the department "used" the defendant's purported false statements to calculate the EBT benefits it awarded her.  Compare Commonwealth v. Price, 72 Mass. App. Ct. 280, 282-283 (2008) (where telephone calls comprising false pretenses originated in Suffolk County and were placed to victims in Norfolk County, resulting in their delivery of money to the defendant in Boston, venue was proper in Norfolk County).  This location falls within the territorial jurisdiction of the Central Division, and we therefore conclude the larceny complaint was properly brought there.  G. L. c. 218, § 1.[9]

2.  Public assistance fraud charge venue.  Because no venue statute exists for the crime of public assistance fraud, G. L. c. 18, § 5B, "[t]he venue question . . . is one of common law within any limitation that art. 13 [of the Massachusetts Declaration of Rights] may impose."[10]  Commonwealth v. Brogan,

---

[9] We note that the defendant does not argue that there are constitutional limits to the scope of § 59.  Nevertheless, as noted in our discussion concerning venue for public assistance fraud, infra, prosecution of these crimes in the Central Division is not constitutionally prohibited.

[10] Venue is provided by statute for the crimes of individual and organizational food stamp trafficking.  Those statutes provide for venue in "the county in which the state agency responsible for administering food stamp benefits is headquartered."  G. L. c. 18, §§ 5L(e), 5M(g), inserted by St. 2012, c. 161, § 3.  Because there is no venue statute for crimes under G. L. c. 18, § 5B, with which the defendant was charged, the motion judge inferred that venue did not exist in the Central Division.  While there certainly may be no statutory conferral of venue under § 5B, we still must consider whether,

415 Mass. 169, 173 (1993). Article 13 of the Massachusetts Declaration of Rights provides, "In criminal prosecutions, the verification of facts in the vicinity where they happen, is one of the greatest securities of the life, liberty, and property of the citizen." The word "vicinity" does not mean "county," and the Commonwealth is not constitutionally prohibited from trying a defendant in a county other than the county in which the crime was alleged to have been committed. Commonwealth v. Parker, 2 Pick. 550, 553 (1824).

"One concept underlying art. 13 is that fairness to a defendant normally requires that the defendant not be transported far away for trial but rather be tried where there is access to witnesses and evidence for the defense." Commonwealth v. Brogan, supra at 174. "Today, more convenient means of communication and transportation than existed in 1780 makes geographically less narrow art. 13's mandate of fairness." Ibid. Given the geographic proximity of Somerville (where the EBT card was delivered to the defendant) and Revere (where she tendered the application and recertification forms) to Boston (where the complaints were brought) and the relative ease of transportation between these locations, we see nothing substantially unfair about the defendant's prosecution in Boston

under the common law, venue may lie in the Central Division. See Commonwealth v. Brogan, 415 Mass. 169, 173 (1993).

for a crime regarding statements she supplied in Revere pertaining to a household she maintained in Somerville.  See ibid. ("We think it is neither mischievous nor unjust to try a person in Cambridge for contempt of a Middlesex Superior Court order committed in the abutting city of Boston or in the adjacent town of Brookline").  Therefore, we conclude venue for the public assistance charge also properly lay in the Central Division.

Conclusion.  The order dismissing the complaint is reversed, and the case is remanded to the Central Division of the Boston Municipal Court for further proceedings.

So ordered.